POCS v. BUICK MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DENIAL OF REHEARING BY INDUSTRIAL ACCIDENT BOARD—REVIEW.

There being no provision in either the workmen's compensation act or the rules of the board for a rehearing by the industrial accident board after it has made a final order, the Supreme Court will not, on certiorari, review the action of the board denying such rehearing.

Motion by George Pocs against the Buick Motor Company and another to dismiss a writ of certiorari. Submitted October 7, 1919. (Calendar No. 28,829.) Motion granted December 22, 1919. Rehearing denied April 10, 1920.

*Kinnane, Black & Leibrand,* for the motion.

*Kerr & Lacey, contra.*

SHARPE, J. The petitioner filed a claim for compensation against defendants under the Michigan workmen's compensation law with the industrial accident board. An arbitration was had, the award reviewed by the board, and a final order entered in

---

The question of review and appeal under workmen's compensation acts, generally, see notes in L. R. A. 1916A, pp. 163 and 266; L. R. A. 1917D, 186.

favor of the petitioner and against defendants on January 24, 1919. On February 18, 1919, the respondents filed with the board a petition and motion for a rehearing, alleging therein that the board did not have before it, at the time of making such final order, a true and certified transcript of the testimony which was submitted to the committee on arbitration and that the errors and omissions in the transcript furnished were so flagrant and apparent that the order made should be vacated and the case reopened and a rehearing had. On April 15, 1919, the board made the following order denying said petition:

"In this case a petition having been filed, praying for the reasons therein set forth that the board reopen said case and grant a rehearing and that the order entered by the full board herein on January 24, 1919, reversing the award of the committee of arbitration be set aside, and said petition having come on to be heard before the full board on April 4, 1919, and having been argued on that date by counsel for the respective parties, and the board having carefully considered the entire record of the case and all matters herein involved, the board finds that while differences exist between the two transcripts of testimony made by the two stenographers who reported the arbitration hearing, yet there is no reason apparent to the board for reversing the order of the full board granting compensation in this case, and does not pass upon the question as to which of the two transcripts is the more accurate; and on full consideration of the case:

"It is ordered and adjudged that the said petition of the respondents should be and the same is hereby denied, and respondents shall comply in all things with the final order of the full board entered in this matter on January 24, 1919."

The respondents applied to this court for a writ of certiorari to review such order, and the same was granted on May 14, 1919. Petitioner now moves to dismiss this writ, alleging that "it was improvidently

issued and without authority in law" for the reason that such applications must be *made* and *filed* within 30 days after the determination by the board.

The statute providing for the review by this court of the orders of the board (2 Comp. Laws 1915, § 5465) reads as follows:

"The findings of fact made by said industrial accident board acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said industrial accident board: *Provided,* That application is made by the aggrieved party within thirty days after such determination by certiorari, mandamus or by any other method permissible under the rules and practice of said court or the laws of this State, and to make such further orders in respect thereto as justice may require."

There is no provision in the law for a rehearing after a final order is made by the board. Neither has our attention been called to any rule relative thereto which has been adopted by the board. While other provisions of the act permit the board to review any weekly payment allowed, at the request of the employee, employer or insurance company carrying the risk, it was held in *Estate of Beckwith* v. *Spooner,* 183 Mich. 329 (Ann. Cas. 1916E, 886), that—

"On the hearing of such petition for review it can be stated as a general rule that the essentials leading up to the award, or its equivalent, are to be taken as *res adjudicata,* except the physical condition of the injured employee, which naturally and legally remains open to inquiry."

The respondents claim that the decision in *Shaffer* v. *D'Arcy Spring Co.,* 199 Mich. 537, supports their contention. In that case it appeared that, while an agreement between the parties had been filed with the board, it had never been acted on by it, and it

207—Mich.—38.

was held that "until this is done the agreement is not final."

It follows that the writ of certiorari was improvidently issued and the same will be dismissed, with costs to petitioner.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.