BYLE *v.* GRAND RAPIDS BLOW PIPE & DUST
ARRESTER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PAR-
TIES—ACTUAL PARTIES—ADMISSIONS—ESTOPPEL.

Where an application for compensation for the death of a
son, under the workmen's compensation act, was filed
by the father only, but during the preliminary proceed-
ings thereto it was understood and acknowledged by the
insurer that claimant was acting on behalf of himself, his
wife, and minor children, all of whom were partial de-
pendents, the industrial accident board properly entered
an order continuing the weekly payments to the wife and
children upon their petition, after the death of the father,
under part 2, § 7, of said act, although the original award
was entered in the name of the father only; defendant
being estopped from now denying what it heretofore ad-
mitted to be true.

2. SAME—CERTIORARI—PARTIES—ESTOPPEL.

On certiorari to review said order, defendant cannot take
the position that the claim of the mother and her children
was not passed upon in the original proceedings, where it
appears that the father was accepted by it as representing
all of the dependents.

3. SAME—APPEAL—CERTIORARI—AMOUNT OF AWARD — ESTOPPEL—
REVIEW.

Nor can defendant raise the question of the amount of said
award, where it appears that it withdrew its appeal from
the award of the arbitration committee to the full board
wherein it claimed the amount was too high, and con-
sented to an affirmance of said award.

SHARPE, STEERE, and FELLOWS, JJ., dissenting.

Certiorari to Industrial Accident Board. Submit-
ted October 30, 1919. (Docket No. 67.) Decided Jan-
uary 6, 1920.

Jacob Byle presented his claim for compensation
against the Grand Rapids Blow Pipe & Dust Arrester

On construction and effect of workmen's compensation acts
generally, see notes in L. R. A. 1916A, 23; L. R. A. 1917D, 89.

Company for the accidental death of his son in defendant's employ. From an order awarding compensation to Minnie Byle and others, partial dependents of the son, upon the death of the father, defendant and the Fidelity & Casualty Company of New York, insurer, bring certiorari. Affirmed.

Angell & Turner, for appellants.

Dilley, Souter & Dilley, for appellees.

BIRD, J. Certiorari to the industrial accident board. Minnie Byle, the petitioner in the present proceedings, is the mother of Harry Byle, who, on the 8th of November, 1915, met with a fatal accident while in the employ of the Grand Rapids Blow Pipe & Dust Arrester Company. For some time after the death of the said employee, negotiations were carried on between the parents of said Harry Byle and a representative of the Fidelity & Casualty Company of New York, the insurer of said employer, which eventually resulted in the filing of a notice and application of adjustment of the claim on February 2, 1916. This application was signed and filed by Jacob Byle, the father of the deceased. An award was made to the applicant of $4.06 per week for 300 weeks.

After the award was reviewed before the full board the respondents requested leave to withdraw the appeal and an order was entered, affirming the award. Compensation was duly paid by the defendants under this award to Jacob Byle until July 14, 1918; and respondents, being at that time advised of the death of said Jacob Byle, discontinued compensation payments. On October 26, 1918, a petition was filed with the industrial accident board on behalf of Jacob Byle and Minnie Byle, claimants, praying that the award of the committee of arbitration against the respondents be modified so as to include the petitioner, Minnie

Byle, and her four minor children, as dependents, and that the respondents be ordered to resume and continue payments on the original award until the 300 weeks' compensation has been paid. The defendants filed an answer, claiming that the award as entered by the committee of arbitration was correct in finding that Jacob Byle was the sole dependent and denied the right of the petitioner to maintain this proceeding, insisting that the board was without legal authority to make the order prayed for. An order, however, was duly entered by the board on April 4, 1919, in accordance with the prayer of the petitioner.

The appellants now claim, as stated in their brief, that the board erred in said order for the following reasons:

"(1) At the time of the death of the employee, Harry Byle, his father, Jacob Byle, was the only person dependent on the wages of deceased within the provisions of the workmen's compensation act.

"(2) The industrial accident board was without legal authority to modify the award of the committee of arbitration in the manner set forth in its order of April 4th, 1919.

"(3) If, as a matter of fact, there were other dependents and the board had authority to modify the award in the manner stated, it should have corrected the error in the amount of the original award and fixed the weekly compensation at two dollars and eighty-one cents ($2.81) per week."

The industrial accident board found that, while neither the wife nor any person on behalf of the children had signed the application, it sufficiently appeared from all the correspondence, proceedings, and testimony that Jacob Byle, in signing this application, was acting for himself and his wife and all of his children, even though he only signed it himself. To show that the respondents recognized Jacob Byle and his wife and all of his children to have been dependent

upon the deceased, we quote the following from the correspondence set up by the industrial accident board in its findings:

"* * * On November 30, 1915, the respondent insurance company wrote to Jacob Byle, saying in part:

" '* * * the information we desire is upon the question of how much you and your wife were dependent upon the earnings of your son, fatally injured November 8.'

"On December 17, 1915, said insurance company wrote a letter to the industrial accident board, saying in part:

" '* * * We have endeavored repeatedly to effect a settlement in this case which will have to be on the basis of compensation to partial dependents as this employee left no total dependents.'

"On January 3, 1915 (1916), said insurance company wrote the industrial accident board, saying in part:

" '* * * the partial dependents who survive him are not entitled to more than $1.50 per week for a period of 300 weeks. In other words, if this employee kept $9.00 out of his $12.00 weekly wage for himself and turned over the balance to his parents, his partial dependents would be entitled to .50 per cent. of that amount, or $1.50 per week.'

"At the same time the Fidelity & Casualty Company wrote a letter, a portion of which is last above quoted, it sent a supplemental report of the accident to the industrial accident board. The following is a true copy of the supplemental report:

"Schedule 3 is at this point quoted in full.

"The foregoing supplemental report shows that at that time the insurance company regarded the father and mother and all of the children as dependents upon Harry Byle, deceased. On January 10th, 1916, the insurance company wrote Mr. Byle, among other things:

" '* * * It appears from my investigation that you, Mrs. Byle, and the rest of the family were not dependent upon your son's wages to the extent of more than $3 per week.'

208—Mich.—41.

"On February 1st, 1916, the insurance company wrote Mr. Byle, in part, as follows:

"'Referring to the conversation between your good self and the writer, as respects the amount due you as partial dependents in a settlement * * * or must advise if this is not acceptable to you and the other partial dependents of Harry Byle, deceased, etc.'"

After the award was made the respondents objected to the amount thereof and claimed a review before the full board, as above stated, and filed a brief in which it was said, among other things, as was also set forth in the findings of the industrial accident board:

"The parents, Jacob and Minnie Byle, have made claim for compensation against the respondents for the death of their son, on the ground that at the time of his death, they were partially dependent on his earnings for their maintenance and the support of their home in Grand Rapids, it being claimed that deceased turned over to his parents his wages of $12 per week and in return, received his board, room, clothing and $1.50 per week spending money. After the expenses of deceased's maintenance and support had been paid, the parents kept the balance to run the home and support the other members of the family.

"On March 6th, 1916, a committee on arbitration was formed, heard the testimony introduced and awarded compensation for a period of 300 weeks at $4.06 per week, for which award, respondents have appealed to this honorable board on the grounds set forth in the claim of review filed March 9th, 1916, and to which reference is hereby made. * * *

"On the question of the amount it cost deceased's parents to clothe and support him, as well as showing the extent of their dependency on his wages and contributions, the testimony is clear and conclusive. * * *

"The weekly sums expended in support and maintenance of deceased, total $3 per week which deducted from the $10.60, average weekly wage, leaves $3.60 per week out of deceased's earnings upon which the parents and family were dependent.

"This, therefore, would entitle the claimant to 300 weeks' compensation at $2.80 per week. * * *

"It resolves itself into a question of fact as to precisely what it costs the claimants to support their son. * * * thus leaving $5.60 per week upon which the parents were dependent and entitling them to compensation at $2.80 per week, for 300 weeks."

The respondents thereafter, however, withdrew their claim for review and the full board, as a matter of course, affirmed the report of the committee of arbitration and the board now says that, if the contest had been carried on to the end, it is very possible that the award would have been amended so as to cover the mother and minor children.

Counsel for claimants now contend—and the industrial accident board sustained the contention—that the respondents, having consistently and repeatedly admitted that Jacob Byle was not the sole claimant and dependent in the case, but that the other claimants were partially dependent upon Harry Byle, deceased, they ought to be estopped from now claiming that the things they have consistently admitted are not true. Mr. H. Dale Souter, who was one of the arbitrators representing the respondent insurance company, testified that in accordance with his understanding, the award was made to the father for the family. The letter of February 1, 1916, an extract of which is set up above, in the findings of the industrial accident board, clearly shows that they at that time recognized that the claimant was making the claim, acting for himself and on behalf of the other dependents. Having made these admissions, and after having treated the claimant as acting for himself and the rest of his family, the respondent should not now be heard to take a different position than that which it assumed before the arbitration committee. We are, therefore, of the opinion that there is no merit in the first contention of the

appellants. See *Roach* v. *Kelsey Wheel Co.*, 200 Mich. 299.

The second claim of counsel is based upon the contention that if the claim of the present petitioner was not presented and passed upon by the committee of arbitration, it cannot be now heard and determined upon a petition of this nature, but it must be heard and determined in accordance with the proceedings prescribed by the workmen's compensation law, and, as far as the present petitioner's claim is concerned, the defendants have never had their day in court. This claim, it seems to us, is also answered by what is set forth above, it appearing conclusively that the respondents treated Jacob Byle as a petitioner acting for the present petitioner and the dependent children. It is very apparent that there was no reason, under the circumstances as they arose, for the board to apportion the award. Both the committee of arbitration and the full board, on review, had a right to accept the respondent's assurances and treat the father as a representative of all of the dependents under the circumstances of this case.

Section 7 of part 2 of the workmen's compensation law (2 Comp. Laws 1915, § 5437) provides:

"* * * In case of the death of one such dependent [a person who has been determined to be a dependent as of the date of the accident to the employee] his proportion of such compensation shall be payable to the surviving dependents *pro rata*. Upon the death of all such dependents compensation shall cease." * * *

So that, in accordance with this statute, unless all the dependents of Harry Byle were deceased, the appellants having recognized them all as claimants, they were not legally justified in stopping payment of compensation and it was certainly within the power and jurisdiction of the industrial accident board, on petition being made, to order the respondents to continue

to make compensation in accordance with the law above set forth.

With reference to the last claim of the appellants' counsel, it is only necessary to say that no such claim as is now being urged was made before the board on the hearing. It was neither set forth in the answer nor in the supplemental answer nor was it assigned as error in the petition for certiorari. An application for review of the committee's award on this ground was voluntarily withdrawn by the appellants, who consented to an affirmance of the amount of the award by the board. Appellants are in no position, in view of the foregoing, to urge this question now.

The order of the industrial accident board which is before us for review is hereby affirmed.

MOORE, C. J., and BROOKE and STONE, JJ., concurred with BIRD, J.

FELLOWS, J. (*dissenting*). In *Pocs* v. *Buick Motor Co.*, 207 Mich, 591 (handed down December 22, 1919), we held that there was no provision either in the law or the rules of the industrial accident board permitting the board to grant rehearings. On the same day we handed down an opinion in *Diebel* v. *Construction Co.*, 207 Mich. 618, to the same effect. In the latter case it was claimed that compensation was being paid and was required to be paid by the wrong insurance company. In the instant case an award was made by the committee of arbitration on March 6, 1916, to Jacob Byle, as dependent; he was the sole applicant; an appeal was taken from this award but was abandoned, and on May 19, 1916, an order was made by the industrial accident board affirming such award. The proceedings here under review amount to a rehearing and a finding that Jacob Byle was not the sole dependent as found and fixed by the award of March 6, 1916, but that others were also dependent. However equitable

it may be to re-open this case and make a new and different award from the one entered some three years before, I do not think it may be done consistent with our holdings in the cases cited.   For this reason I dissent from the conclusion reached by my brothers.

STEERE and SHARPE, JJ., concurred with FELLOWS, J.

Justice KUHN took no part in this decision.