BELLAMY v ARROW OVERALL SUPPLY COMPANY

Docket No. 101463. Submitted June 20, 1988, at Detroit. Decided September 7, 1988.

Lovie Bellamy petitioned the Bureau of Workers' Disability Compensation for benefits. Her employer was Arrow Overall Supply Company. The Workers' Compensation Appeal Board affirmed a hearing referee's decision denying her benefits. She appealed by leave granted and the Court of Appeals in an unpublished opinion per curiam, decided June 26, 1985 (Docket No. 83695), remanded for a redetermination. The WCAB found that Bellamy had shown a job-related back injury but denied benefits on her claim of a job-related psychiatric condition. Arrow filed an application for delayed leave to appeal more than thirty days after the issuance of the WCAB's redetermination. Bellamy moved to dismiss for lack of jurisdiction.

The Court of Appeals *held:*

The Court of Appeals has no jurisdiction to entertain an application for delayed leave to appeal from a decision of the Workers' Compensation Appeal Board.

Appeal dismissed.

WORKERS' COMPENSATION — APPEAL — JURISDICTION — DELAYED LEAVE TO APPEAL.

The Court of Appeals has no jurisdiction to entertain an application for delayed leave to appeal from a decision of the Workers' Compensation Appeal Board (MCL 418.861; MSA 17.237[861]; MCR 7.203[B]; 205[F]).

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Barrie R. Bratt* and *Charles P. Burbach*), for plaintiff.

*Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for defendant.

REFERENCES

Am Jur 2d, Workmen's Compensation § 622.
See the Index to Annotations under Workers' Compensation.

Before: CYNAR, P.J., and SULLIVAN and J. R. ERNST,* JJ.

CYNAR, P.J. This is an appeal from a decision of the Workers' Compensation Appeal Board.

On June 22, 1987, more than thirty days following the WCAB's opinion, defendant filed an application for delayed leave to appeal. In response, plaintiff filed a motion to dismiss for lack of jurisdiction and a motion for immediate consideration. This Court granted plaintiff's motion for immediate consideration on September 1, 1987. Plaintiff's motion to dismiss was held in abeyance and defendant's application for leave to appeal was granted. The Court ordered the parties to brief the issue of this Court's jurisdiction to consider an application for delayed leave to appeal under MCL 418.861; MSA 17.237(861), MCR 7.203(B) and MCR 7.205(F).

The facts are not in material dispute. On October 27, 1979, plaintiff resigned her position with defendant due to her health condition. Plaintiff filed a petition on March 14, 1978, with the bureau, claiming a disability from May 5, 1977, from a physical injury to her lumbosacral back, hypertension and a nervous condition. Plaintiff's last day of work was May 5, 1977.

Following a hearing held on March 25, 1980, hearing referee Chylinski issued an opinion on August 7, 1980. The referee found that plaintiff had a compensable job-related injury but denied her benefits because she failed to meet the notice requirement of the Workers' Disability Compensation Act. Plaintiff's psychological or psychiatric disability claim was denied on the basis that it was not proven.

Plaintiff appealed this decision to the WCAB. The board affirmed the referee's decision on February

* Circuit judge, sitting on the Court of Appeals by assignment.

22, 1985, finding that plaintiff had failed to properly notify her employer of her injury. Plaintiff appealed to this Court by leave granted. On June 26, 1986, this Court remanded the case to the WCAB for a determination whether defendant was adequately notified of plaintiff's injury in light of *Nicholson v Lansing Bd of Ed,* 423 Mich 89; 377 NW2d 292 (1985). *Bellamy v Arrow Overall Supply Co,* unpublished opinion per curiam of the Court of Appeals, decided June 26, 1985 (Docket No. 83695).

On remand, the WCAB on May 14, 1987, found that plaintiff had met the notice requirements of *Nicholson, supra.* The WCAB also found that plaintiff had shown a job-related disabling injury to her back. However, the WCAB found that plaintiff had provided insufficient proof to support her claim that she suffered a job-related psychiatric condition and denied her an award on that basis.

After thirty-nine days had elapsed from the issuance of the board's May 14, 1987, opinion, defendant filed an application for delayed leave to appeal.

The first issue for our determination is whether this Court has jurisdiction to entertain an application for delayed leave to appeal from the board's decision and order. We conclude that this Court lacks jurisdiction to entertain defendant's application for leave.

Const 1963, art 6, § 10 provides that the jurisdiction of the Court of Appeals shall be provided by law. Const 1963, art 6, § 28 provides, in part:

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law.

In *Evans v United States Rubber Co,* 379 Mich 457, 461; 152 NW2d 641 (1967), the Supreme Court interpreted the language of art 6, § 28 as follows:

> We do not read the above language, "shall be subject to direct review by the courts as provided by law", to mean that in each such case review shall be compulsory or as of right upon its being invoked by either party but only that review shall be had when, in the exercise of judicial judgment and discretion, the court shall, on application, so determine, or when so provided by law. No statute provides for such appeal as of right. GCR 1963, 806.2(2), requires leave to appeal to the Court of Appeals from administrative agencies.

Thus, according to the *Evans* case, appeals from the WCAB are not as of right. *Evans* does not support defendant's position that this Court may hear appeals filed more than thirty days after a decision of the WCAB.

This Court's power to review questions in any final order of the WCAB is provided by the Legislature in MCL 418.861; MSA 17.237(861), which states:

> The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive. *The court of appeals* and the supreme court *shall have power to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state.* [Emphasis supplied.]

In *Pocs v Buick Motor Co,* 207 Mich 591; 175 NW 125 (1919), our Supreme Court interpreted 2 Comp Law 1915, § 5465 (the predecessor to § 861) of the Workmen's Compensation Act, which read:

> The findings of fact made by said industrial accident board acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said industrial accident board: *Provided* [emphasis in original], *that application is made by the aggrieved party within thirty days after such determination by certiorari* [emphasis added], mandamus or by any other method permissible under the rules and practice of said court or the laws of this State, and to make such further orders in respect thereto as justice may require. [207 Mich 593.]

The Supreme Court dismissed the petitioner's writ of certiorari, finding that the writ was filed more than thirty days after the issuance of the board's final decision. 207 Mich 593-594.

In this case, the plain and unambiguous language of § 861 limits the jurisdictional power of this Court to review a final order of the WCAB to applications for leave to appeal filed within thirty days of such an order. MCR 7.203(B)(3) indicates that this Court may grant leave to appeal from a final order of the WCAB which *by law* is appealable to this Court. As indicated earlier, § 861 requires an appeal from a final order of the WCAB to be filed within thirty days after the issuance of the final order. Thus, under MCR 7.203(B)(3), the only final orders that are appealable by law are those that are filed within thirty days after a final order of the board is entered. Since defendant filed the application more than thirty days after the board's final order, this Court lacks jurisdiction to entertain defendant's appeal.

Defendant also argues that MCR 7.205(F) allows a late application for leave when an appeal as of right or an application for leave was untimely filed. We disagree. Although MCR 7.205(F) does

provide for applications for delayed leave to appeal, MCR 7.203(B)(3) requires that the appeal must be provided by law. The only appeal by leave authorized by § 861 would be one filed within thirty days. Defendant having failed to file its application for leave within thirty days following the board's final order, this Court lacks jurisdiction to hear defendant's appeal.

Although we determine that this Court does not have jurisdiction, we consider the defendant's claims of error as if this Court had jurisdiction. As to defendant's first claim, we conclude under *Nicholson, supra,* that defendant-employer had notice of plaintiff's injury. An employer is deemed to have notice of an employee's injury, for purposes of MCL 418.381; MSA 17.237(381), when it is established that the employer knows of the employee's health problems and of the employee's absence from work. The employer is not required to be aware of the causal connection between the work and the employee's health problems. *Nicholson, supra,* pp 99-100. The notice that is required is that which would be sufficient to make the employer aware that an injury had occurred. *Murdock v Michigan Health Maintenance Organization,* 151 Mich App 578, 582; 391 NW2d 757 (1986). If, however, the claimed injury is suffered outside the work place and the employer had no reason to suspect the work caused or contributed to the injury, the employer has no obligation to notify the bureau. *Nicholson, supra,* pp 102-103.

In this case, the board found that plaintiff's supervisor and the business owner were both notified that plaintiff had suffered from back problems and that her job required her to lift bundles of clothing as well as run the embroidery and sewing machines. Therefore, notice was established under *Nicholson, supra.*

Finally, the WCAB applied the correct rule of disability. After reviewing the evidence presented by plaintiff, the board found that plaintiff had suffered a work-related disability. Our review of the board's decision indicates that it was supported by record evidence and we decline to disturb it on appeal.

Dismissed for lack of jurisdiction.