CITY OF DETROIT v LUCAS

Docket No. 109107. Submitted December 14, 1988, at Detroit. Decided
     September 5, 1989. Leave to appeal applied for.

The City of Detroit, pursuant to the downtown development
     authority act, planned a theatre district project and com-
     menced eight condemnation actions in the Wayne Circuit Court
     seeking to acquire private property it deemed necessary for the
     project. The owners of five parcels, including Evengellos P.
     Lucas, Peter T. Lucas and Calliope Lucas, challenged the city's
     claim of necessity pursuant to the provisions of the Uniform
     Condemnation Procedures Act. The court, Marvin P. Stempien,
     J., conducted a hearing and affirmed the city's determination of
     necessity as to three of the five parcels, including the Lucases'
     parcel. On the twenty-first day after the date of the entry of
     the court's order denying their motion for review of necessity,
     the Lucases failed to file in the Court of Appeals an application
     for appeal by leave granted. A delayed application for leave
     was initially denied by the Court of Appeals. However, the
     Court of Appeals, upon the Lucases' motion for a rehearing,
     granted the delayed application.

The Court of Appeals held:

     1. Section 6(6) of the Uniform Condemnation Procedures Act
     provides that an order of a trial court upholding or determin-
     ing public necessity or upholding the validity of a condemna-
     tion proceeding is appealable to the Court of Appeals only by
     leave granted. Section 6(6) further provides that an appeal
     shall not be granted in the absence of a timely filed appeal.
     Here, the Lucases failed to file an application for leave to
     appeal within twenty-one days of the trial court's order as
     required by MCR 7.205(A). Thus, the Lucases' appeal is pre-
     cluded under the statute described above, and this Court has no
     jurisdiction over their appeal.

     2. Assuming this Court had jurisdiction over the appeal, a

REFERENCES

Am Jur 2d, Appeal and Error §§ 146, 188, 258; Eminent Domain
     §§ 111 et seq.
See the Index to Annotations under Appeal and Error; Eminent
     Domain.

review of the pertinent provisions of the downtown development authority act and the Uniform Condemnation Procedures Act would lead this Court to conclude that the trial court correctly determined that the city did not abuse its discretion in determining necessity.

Appeal dismissed.

BEASLEY, P.J., dissented and would hold that the Court of Appeals has jurisdiction over the appeal in this case.

EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — DETERMINATION OF PUBLIC NECESSITY — APPEAL.

An order of a trial court upholding or determining public necessity or upholding the validity of a condemnation proceeding brought pursuant to the Uniform Condemnation Procedures Act is appealable to the Court of Appeals only by leave granted by that Court pursuant to a timely application for leave to appeal; such an order may not be appealed to the Court of Appeals through a delayed application for leave when an application for leave is not timely filed (MCL 213.56[6]; MSA 8.265[6][6]; MCR 7.205[A]).

*Cooper, Fink & Zausmer, P.C.* (by *Mark J. Zausmer* and *Avery K. Williams*), for plaintiff.

*Thomas J. Ryan* and *Neil E. Wallace,* for defendants.

Before: BEASLEY, P.J., and GILLIS and J. T. HAMMOND,* JJ.

J. T. HAMMOND, J. Defendants Lucas appeal by delayed application for leave from an order denying their motion to review necessity regarding this condemnation proceeding brought by plaintiff. The application was initially denied for lack of merit. However, a motion for rehearing was brought, and during the proceedings surrounding this delayed application for leave, the question arose as to this Court's jurisdiction to hear the matter. This Court then granted leave and requested that the parties

---

* Circuit judge, sitting on the Court of Appeals by assignment.

brief the jurisdiction issue. We determine that this Court does not have jurisdiction in this case.

This case involves the Theatre District Project in Detroit planned under the downtown development authority act (DDAA), MCL 125.1651 *et seq.*; MSA 5.3010(1) *et seq.* Plaintiff filed eight condemnation cases in regard to this project, and the owners of five parcels timely challenged plaintiff's claim of necessity under MCL 213.56; MSA 8.265(6) of the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.* Two of these parcels were owned by the Lucases.

During March and April, 1988, a hearing reviewing the determination of necessity was held by the circuit court. The court filed its findings of fact and conclusions of law on April 27, 1988, in which it affirmed the determination of necessity for three of the five parcels, including the Lucases' parcels. The order denying the motion for review of necessity was entered on May 5, 1988. The Lucases apparently intended to timely appeal the order to this Court, but allegedly arrived a few minutes after the close of the clerk's office on the twenty-first day after the date of the entry of the order, and thus filed a delayed application for leave to appeal the following day.

Const 1963, art 6, § 10 provides that "[t]he jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court." MCL 213.56(6); MSA 8.265(6)(6) provides:

Notwithstanding section 309 of Act No. 236 of the Public Acts of 1961, being section 600.309 of the Michigan Compiled Laws, an order of the court upholding or determining public necessity or upholding the validity of the condemnation pro-

ceeding is appealable to the court of appeals only by leave of that court pursuant to the general court rules. *In the absence of appeal of the order timely filed, an appeal shall not be granted* and the order is not appealable as part of an appeal from a judgment as to just compensation. [Emphasis added.]

The language of the above statute is clear and unambiguous, and judicial interpretation to vary the plain meaning of the statute is precluded. *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). Such orders are appealable to this Court only by leave, and if the appeal is not timely filed, an appeal is precluded. MCR 7.205(A) requires that an application for leave to appeal must be filed within twenty-one days after entry of the judgment or order. This the Lucases failed to do. The very specific and, we note, almost unique, provisions of this so-called "quick take" statute are jurisdictional. The purpose of this statute was to separate the issue of necessity, while leaving ample time to litigate damages. This was done in order to eliminate the ploy by which one landowner could bring the largest of public improvement programs to a complete halt, and thereby extort exorbitant damage settlements from the public treasury.

The Lucases ask this Court to apply MCR 7.205(F), which provides for filing a delayed application for leave when an application for leave is not timely filed. However, this Court has previously considered cases where a statute set a time limit for appeal and determined that the statutory limitation cannot be extended by court rules. *Gunderson v Rose Hill Realty,* 136 Mich App 559, 564; 357 NW2d 718 (1984). See also *Bellamy v Arrow Overall Supply Co,* 171 Mich App 310, 313-315; 429 NW2d 884 (1988). As noted above, the Michigan

Constitution provides that the jurisdiction of this Court is established by law. Const 1963, art 6, § 10. Therefore, this Court is without jurisdiction to review the circuit court order in this case because the application for leave to appeal was not timely filed.

Even if this Court had jurisdiction, we would find the appeal without merit. First, the Lucases claim that the taking violated their constitutional rights because the property is to be transferred, ultimately, to an identified private developer. US Const, Am V and Const 1963, art 10, § 2 both provide that private property shall not be taken for public use without just compensation.

> There is no dispute about the law. All agree that condemnation for a public use or purpose is permitted. All agree that condemnation for a private use or purpose is forbidden. Similarly, condemnation for a private use cannot be authorized whatever its incidental public benefit and condemnation for a public purpose cannot be forbidden whatever the incidental private gain. The heart of this dispute is whether the proposed condemnation is for the primary benefit of the public or the private user. [*Poletown Neighborhood Council v Detroit*, 410 Mich 616, 632; 304 NW2d 455 (1981).]

The term "public use" has not received a narrow or inelastic construction. *Id.*, p 630.

The Lucases argue that the term "public use" should be given a narrow construction unless a specific statutory exception allows a broader use, and the DDAA does not provide such an exception. However, even if we accepted the narrow construction argument in light of *Poletown,* the DDAA does provide the authority. MCL 125.1660; MSA 5.3010(10) authorizes use of eminent domain by the municipality to "transfer the property to the

authority for use in an approved development, on terms and conditions it deems appropriate, and the taking, transfer, and use shall be considered necessary for public purposes and for the benefit of the public." The board of the downtown development authority is expressly granted broad powers, including the authority to acquire, own, convey, dispose of, or lease land or other property when the authority determines it is reasonably necessary to achieve the purposes of the act, MCL 125.1657(h); MSA 5.3010(7)(h), and to develop, in cooperation with the municipality, long-range plans designed to halt the deterioration of property values and promote economic growth in the downtown district, MCL 125.1657(e); MSA 5.3010(7)(e). Thus, this claim is without merit.

Second, the Lucases contend that the trial court improperly shifted to them the burden of proving that the property to be taken is for a public use, asserting that both the fact that the taking is for a public use and the necessity of the taking are essentially separate inquiries and that the UCPA standard of review for necessity does not apply to the public use prong. However, this claim is without merit.

The procedures and remedies for the taking of property by eminent domain are governed by the UCPA. MCL 213.75(1); MSA 8.265(25)(1); *Luna Pier v Lake Erie Landowners,* 175 Mich App 430; 438 NW2d 636 (1989). MCL 213.56; MSA 8.265(6) provides the vehicle by which property owners can challenge the necessity of the acquisition by the governmental agency. MCL 213.56(2); MSA 8.265(6)(2) provides:

With respect to an acquisition by a public agency, the determination of public necessity by that agency shall be binding on the court in the

absence of a showing of fraud, error of law, or abuse of discretion.

In challenging an agency's determination of necessity, the property owners bear the burden of proof of showing a lack of public necessity, either by fraud, error of law, or abuse of discretion. *Kent Co Rd Comm v Hunting,* 170 Mich App 222, 229-230; 428 NW2d 353 (1988). No other separate statute under the UCPA provides for a separate determination of public use. Further, the clear wording of the above statute specifies the burden of proof regarding the determination of "*public* necessity." *Poletown* did not change the burden of proof, but did advance a heightened scrutiny test to the claim that the public interest is the predominant interest being advanced. *Poletown, supra,* pp 634-635.

Third, the Lucases claim that the trial court's determination of necessity was an abuse of discretion because the developer had no definite plan for the property's use, and there is no evidence that the project would not continue without condemnation of this property. As noted above, the Lucases bear the burden of proof of showing a lack of public necessity because of the claimed abuse of discretion. *Hunting, supra.* Under the DDAA, "the taking, transfer, and use *shall be considered necessary* for public purposes and for the benefit of the public." MCL 125.1660; MSA 5.3010(10). As the trial court's review of the testimony showed, the Lucases' two parcels were an essential bridge between the two historic theatre properties, and the plan of the city called for the construction of a structure to house retail transition businesses related to, and adjacent to and between, the two theatres. The trial court did find that there was no necessity for the condemnation of two other par-

cels across the street. The Lucases' parcels, along with another parcel, are at the very center of the planned social and economic traffic pattern between the two theaters. Minute details of the plan need not be shown. Thus, on the record before this Court, no abuse of discretion has been shown.

This appeal is dismissed for lack of jurisdiction.

GILLIS, J., concurred.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

There has been a serious question whether defendants-appellants Lucases did, in fact, file their appeal within the time limit. Whether defendants in fact filed their appeal by closing time on the last day to appeal or, if not, whether, under the peculiar facts of this case, defendants were entitled to a delayed appeal, are questions that should be resolved in defendants' favor.

I am not inclined to join plaintiff-appellee, City of Detroit, in this unseemly effort to deprive defendants of their right to an appeal on the merits. This issue, where plaintiff city has acquired private property by condemnation for the purpose of turning it over to a private entity for private purposes, is entitled to a full appellate airing.

I would find that we have jurisdiction to entertain this appeal and would decide it on the merits. However, I do not see any purpose in this dissent in further extended discussion of *Poletown Neighborhood Council v Detroit,* 410 Mich 616; 304 NW2d 455 (1981). Hopefully, the Supreme Court will, in due course, accept the challenge to reexamine the basis for the *Poletown* decision.