WSZOLA v ROBERT CARTER CORPORATION

Docket No. 114306. Submitted October 2, 1990, at Detroit. Decided February 5, 1991, at 9:15 A.M. Leave to appeal sought.

Jerome Wszola filed a petition for workers' compensation benefits, claiming disablement from an occupational disease. The hearing referee held that disability had been established and that a prior employer, Robert Carter Corporation, and its insurer were liable for benefits. The Workers' Compensation Appeal Board dismissed the petition on the ground that Wszola had failed to give timely notice and file a timely claim. Wszola filed an application for delayed leave to appeal more than thirty days after the appeal board's decision. The Court of Appeals dismissed the application for leave to appeal on the basis of lack of jurisdiction. Wszola sought a rehearing, which was granted.

On rehearing, the Court of Appeals *held:*

The Court of Appeals lacks jurisdiction to entertain an application for delayed leave to appeal from a final order of the Workers' Compensation Appeal Board. The plain and unambiguous language of MCL 418.861; MSA 17.237(861) provides that an application for leave to appeal a decision of the WCAB must be filed within thirty days of a final order.

Appeal dismissed.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *A. Donald Kadushin* and *Granner S. Ries*), for Jerome Wszola.

*Plunkett & Cooney, P.C.* (by *Paul F. Paternoster*), and *Galbraith & Booms* (by *Raymond A. Booms*), for Robert Carter Corporation.

*Galbraith & Booms* (by *Raymond A. Booms*), for Employers Insurance of Wausau.

*Charfoos, Reiter, Peterson & Holmquist, P.C.* (by

*James A. Reiter*), for Kropf Mechanical Contractors, Inc., and Michigan Insurance Company.

*Law Offices of Pentis, Smith & Brakora* (by *Sandra L. Rewalt*), for Seaway Mechanical Contractors, Inc., and Michigan Mutual Insurance Company.

Before: Danhof, C.J., and Cavanagh and W. R. Beasley,* JJ.

Per Curiam. This is an appeal from a decision of the Workers' Compensation Appeal Board.

On December 18, 1981, plaintiff filed a petition for compensation and alleged personal injury or disablement from occupational disease. An amended petition was filed on November 8, 1982. On March 2, 1983, a hearing was held and the hearing referee concluded that plaintiff had established total disability from his skilled employment. On November 30, 1988, the Workers' Compensation Appeal Board affirmed in part the decision of the referee but dismissed plaintiff's petition for failure to give timely notice and file a claim.

Plaintiff filed with this Court a delayed application for leave to appeal the WCAB decision. Plaintiff's application was filed on January 4, 1989, one day after the thirty-day time period for appeals provided for in MCL 418.861; MSA 17.237(861) had expired. On September 7, 1989, the parties were directed to brief the issue whether this Court has jurisdiction to grant leave to appeal more than thirty days after the final decision of the WCAB.

Plaintiff argues that MCR 7.203(B)(3) allows for an appeal from a final order of an administrative agency or tribunal which by law is appealable to

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

or reviewable by this Court or the Supreme Court. Plaintiff insists that nothing in this court rule prohibits delayed applications for leave to appeal, nor does the rule make the thirty-day time limit jurisdictional. In addition, MCR 7.205(F) provides in general for delayed applications for leave to appeal.

The Legislature in MCL 418.861; MSA 17.237(861) has enabled this Court "to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state." In interpreting the relationship between this statute and the court rules, a panel of this Court has already determined, as a threshold matter, that the appeal must be one "provided by law." *Bellamy v Arrow Overall Supply Co,* 171 Mich App 310, 314; 429 NW2d 884 (1988). Because by statute only final orders appealed within thirty days are those appealable "by law," we agree with the reasoning in *Bellamy* that "the plain and unambiguous language of § 861 limits the jurisdictional power of this Court." *Id.* Our review is limited to questions of law involved in any final order of the board if application is made within thirty days of the order.

On the basis of this Court's decision in *Bellamy,* and the Supreme Court's unpublished order in *Grant Airmass Corp v Michigan Court of Appeals,* issued September 19, 1990 (Docket No. 88274), we can only conclude that this Court lacks jurisdiction to entertain plaintiff's appeal.

Dismissed for lack of jurisdiction.