WEMMER v NATIONAL BROACH & MACHINE COMPANY

Docket No. 146313. Submitted November 17, 1992, at Lansing. Decided April 19, 1993, at 9:25 A.M.

Arthur Wemmer petitioned for a hearing in the Bureau of Workers' Disability Compensation after the Second Injury Fund reduced the amount of differential benefits paid to Wemmer for total and permanent disability incurred while working for National Broach & Machine Company. The reduction was made in accordance with *Gusler v Fairview Tubular Products,* 412 Mich 270 (1981), in which it was decided that minimum weekly benefit rates are not subject to annual adjustment by the director of the bureau. A hearing referee determined that the reduction was proper. The Workers' Compensation Appeal Board reversed, concluding that *Gusler* could not be applied retroactively. On reconsideration pursuant to a request by the Second Injury Fund, the board reversed its decision, determining that, as decided in *Riley v Northland Geriatric Center (After Remand),* 431 Mich 632 (1988), the *Gusler* decision applies to all benefits due or paid after December 30, 1981. Wemmer sought leave to appeal in the Court of Appeals, which peremptorily vacated the board's order and remanded the matter for the issuance of a written decision by the board. In that decision, the board reaffirmed its approval of the reduction in benefits. Wemmer appealed by leave granted, and National Broach and its insurer, Liberty Mutual Insurance Company, cross appealed, claiming that any interest or penalties that might be imposed for underpayment of differential benefits are the responsibility of the Second Injury Fund.

The Court of Appeals *held:*

1. Once the Workers' Compensation Appeal Board issues a decision on the merits of a case, it may rehear the case to address procedural matters or correct clerical errors, but may not redetermine the merits of the case even where, as in this case, it made an error of law in deciding the case. Because no appeal was taken from the board's original order and no

REFERENCES

Am Jur 2d, Workers' Compensation § 632.
See ALR Index under Administrative Law; Workers' Compensation.

further appeal is possible, Wemmer's benefits must be paid at the pre-*Gusler* level.

2. National Broach and Liberty Mutual's claim on cross appeal fell outside the scope of the remand and was not addressed by the Workers' Compensation Appeal Board. The claim need not be considered because there is no dispute that plaintiff is not entitled to penalties, and because the workers' compensation act requires the Second Injury Fund to reimburse an employer or insurance carrier that pays differential benefits to a totally and permanently disabled employee.

Reversed.

WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — REHEARINGS.

The Workers' Compensation Appeal Board may rehear a case after a decision on its merits to address procedural matters or correct clerical mistakes, but may not redetermine the merits of the case.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Donald W. Loria*), for Arthur Wemmer.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for National Broach & Machine Company and Liberty Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for Second Injury Fund.

Before: TAYLOR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

TAYLOR, P.J. Plaintiff, Arthur Wemmer, appeals by leave granted an October 31, 1991, order of the Workers' Compensation Appeal Board, which after remand from this Court affirmed its July 17, 1990, order reducing the amount of plaintiff's weekly workers' compensation benefits. We reverse.

I

In 1972, plaintiff was found to be totally and

permanently disabled as a result of a work-related injury that occurred on November 4, 1968. Plaintiff's employer, National Broach & Machine Company, was ordered to pay basic benefits, and the Second Injury Fund (SIF) was ordered to pay differential benefits because of plaintiff's total and permanent disability.[1]

A number of disputes arose regarding the manner in which plaintiff's benefits should be calculated. In *Wemmer v Nat'l Broach (After Remand),* 89 Mich App 312, 318-320; 280 NW2d 845 (1979), this Court held in part that a former statutory limitation on benefits to two-thirds of an employee's average weekly wage constituted a ceiling on the SIF's liability for differential benefits. No matter how great the differential between weekly benefits currently payable and the weekly benefit provided at the time of an employee's injury, the maximum amount to which an injured employee is entitled equals two-thirds of the employee's average weekly wage at the time of his injury.

Nevertheless, plaintiff soon began receiving more than this ceiling because § 351 of the Workers' Disability Compensation Act, MCL 418.351; MSA 17.237(351), formerly provided minimum benefit rates for total disability. In *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), this Court held that these minimum weekly benefit rates were subject to annual adjustments by the director of the Bureau of Workers' Disability Compensation to reflect changes in the state's average weekly wage. Eventually, these adjusted minimum rates exceeded two-thirds of plaintiff's former average weekly wage, and pursuant to *Jolliff* the SIF paid plaintiff

---

[1] Differential benefits are based on the difference between the weekly benefit currently provided and the amount paid by the employer based on the date of an employee's injury.

differential benefits based on this higher statutory minimum.

On December 30, 1981, the Michigan Supreme Court expressly overruled *Jolliff* in *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981). The SIF reduced its differential benefit payments to plaintiff accordingly. On May 12, 1982, plaintiff filed a petition for hearing with the bureau, claiming that the SIF was paying differential benefits at an incorrect rate. Plaintiff also filed a series of petitions requesting that penalties be assessed against the SIF.

On January 31, 1984, the hearing referee held that the SIF properly reduced differential benefits pursuant to *Gusler,* and that plaintiff was not entitled to penalties because the appropriate amount of benefits was the subject of a bona fide dispute.

Plaintiff appealed to the WCAB. By order dated November 28, 1988, the WCAB voted 2-1 to reverse in part the decision of the referee and ordered benefits paid at pre-*Gusler* levels. The majority agreed with plaintiff that *Gusler* should not be applied retroactively to cases adjudicated before *Gusler* was decided. For this reason, the WCAB majority found it unnecessary to discuss plaintiff's other theories supporting his claim that his benefit levels should not be reduced. All three members of the panel agreed that no penalties should be imposed.

The SIF did not file an application for leave to appeal with this Court. Instead, on December 9, 1988, it filed a motion for reconsideration of the WCAB's order and majority opinion, noting that, just a few weeks before the WCAB's decision was mailed, the Michigan Supreme Court decided *Riley v Northland Geriatric Center (After Remand),* 431 Mich 632; 433 NW2d 787 (1988), in which four

justices agreed that the doctrine of res judicata does not bar application of *Gusler* to all benefits due or paid after December 30, 1981, the date *Gusler* was decided. Plaintiff filed an answer, arguing that the WCAB has no jurisdiction to grant rehearing or reconsideration, but that even if a rehearing could be and were granted, no different result should obtain for a variety of reasons.

By order mailed July 17, 1990, and signed by the two members of the WCAB who constituted the majority in the previous decision, the WCAB granted the motion for reconsideration and reversed its prior decision. The WCAB ordered that all benefits due plaintiff on and after December 30, 1981, be paid in accordance with *Gusler.*

Plaintiff applied for leave to appeal, arguing that the WCAB erred in ordering a reduction in benefits. However, this Court did not reach the merits, but instead peremptorily vacated the WCAB's July 17, 1990, order and remanded with instructions that the WCAB prepare a written decision addressing plaintiff's claims of error.

On October 31, 1991, the WCAB issued a ten-page opinion affirming its July 17, 1990, decision.

Plaintiff once again applied for leave to appeal, arguing that the WCAB erred in reconsidering its pre-*Riley* November 1988 decision, because the WCAB has no power to rehear decisions decided on the merits. Plaintiff also argued that *Riley* has no value as precedent because a majority of the Court did not agree on a rationale, that Justice BRICK-LEY's concurrence demonstrates that no more than three justices of the Supreme Court would allow a unilateral reduction of benefits as occurred in this case, and that the law of the case prevails over res judicata and prevents reduction of his benefits. We granted leave to appeal, and National Broach and

Liberty Mutual Insurance Company cross appealed.

II

Although the WCAB has power to grant rehearing or reconsideration in cases dismissed for procedural reasons, and may correct clerical mistakes in its orders, it may not grant rehearing in the sense of reopening a case for redetermination of the basic facts. *Dean v Great Lakes Casting Co,* 78 Mich App 664, 667; 261 NW2d 34 (1977); *Hartsell v Richmond Lumber Co,* 154 Mich App 523, 530-531; 398 NW2d 456 (1986).

In the instant case, the WCAB did not reconsider its November 28, 1988, decision in the sense that it redetermined any facts, nor did the WCAB merely correct a mistake in the order. Rather, the WCAB granted reconsideration in order to correct what appears to have been a clear error of law occasioned by the release of the opinion in *Riley* just before the November 1988 order. This case therefore presents the novel question whether the WCAB has the power to grant rehearing because its previous decision was based on an error of law.

Plaintiff argues that the exceptions to the rule prohibiting reconsideration by the WCAB should be narrowly construed. Because the only exceptions recognized to date involve dismissals for procedural reasons and corrections of clerical mistakes, and because neither exception applies here, plaintiff argues that the WCAB's July 17, 1990, order should be considered void and without effect.

Defendants, of course, see things differently. They contend that reconsideration is forbidden only in the sense of redetermining basic facts, such as whether an injury occurred, whether an employee is disabled, and whether there is a causal

relationship between employment and disability. Because the WCAB in this case altered none of its previous factual findings, but instead merely brought its decision into conformity with the Supreme Court's opinion in *Riley,* defendants contend that the WCAB properly granted the motion for rehearing and reversed its November 28, 1988, decision.

We agree with plaintiff that the WCAB was without power to grant reconsideration in this case. As early as 1919 the Supreme Court stated that the WCAB's predecessor, the Industrial Accident Board, could not grant rehearing after it issued a final order. *Pocs v Buick Motor Co,* 207 Mich 591, 593; 175 NW 125 (1919). In so holding, *Pocs* quoted the following passage from *Estate of Beckwith v Spooner,* 183 Mich 323, 329; 149 NW 971 (1914):

> On the hearing of such petition for review it can be stated as a general rule that the essentials leading up to the award, or its equivalent, are to be taken as *res adjudicata,* except the physical condition of the injured employee, which naturally and legally remains open to inquiry.

Indeed, the Supreme Court has held that rehearing may not even be granted to one who was fraudulently induced to enter into a compensation agreement, or where the agreement was entered into by mistake. *Hughson v Kalamazoo,* 271 Mich 36, 40; 260 NW 111 (1935). As long as the WCAB had jurisdiction, its decision stands and it may not grant a rehearing to correct an erroneous determination. "The erroneous exercise of undoubted jurisdiction does not amount to a want of jurisdiction." *Id.* at 41.

This Court explained in *Dean* that the "no rehearing" rule is a general principle applicable to

all administrative agencies. The rule does not apply to orders based on procedural matters not affecting the merits, and does not prevent agencies from correcting mistakes in their orders. *Id.* at 666-667. However, when an agency has made a determination on the merits, the no rehearing rule applies and it may not reopen the case for a redetermination of the merits. *East Jordan Iron Works v Workers' Compensation Appeal Bd,* 124 Mich App 324, 328; 335 NW2d 23 (1983); *Hartsell, supra* at 531.

We conclude that the WCAB does not have the power to grant rehearing to correct an error of law after it has made a final determination on the merits. Moreover, we believe that sound policy considerations support this legal conclusion. Although there may be cases where allowing reconsideration of clear legal error would best serve the parties and conserve judicial resources, we can see no principled way of determining when legal error is clear and when it is questionable. Moreover, this Court applies a very deferential standard to the WCAB's findings of fact, and so it is common for parties to frame all issues as though they were errors of law. Allowing the WCAB to grant rehearing in cases of legal error would therefore create an additional, unauthorized, and largely unnecessary step in an administrative system already prone to delay.

We therefore hold that the WCAB was without power to grant rehearing or reconsideration of its November 28, 1988, decision and order. Because no appeal was taken from that order and no further appeal is possible, defendants must pay benefits at the pre-*Gusler* level as required by that order. *Bellamy v Arrow Overall Supply Co,* 171 Mich App 310; 429 NW2d 884 (1988); *Wszola v Robert*

*Carter Corp,* 187 Mich App 372, 374; 468 NW2d 57 (1991).[2]

Because of our disposition of this issue, we find it unnecessary to reach plaintiff's other claims of error.

III

Defendants National Broach and Liberty Mutual Insurance in their cross appeal argue that, if this Court finds plaintiff entitled to reimbursement with interest for underpayment of differential benefits or finds plaintiff entitled to penalties because of improper payment of benefits, the SIF should be solely liable and defendants absolved from any liability.

Although this issue was raised by defendants before the WCAB on remand, it fell outside the scope of the remand and was not addressed by the WCAB. No injustice will result from our declining to consider this issue because there appears to be no dispute that plaintiff is not entitled to penalties, and because § 521(2) of the act requires the SIF to reimburse an employer or insurance carrier that pays differential benefits to a totally and permanently disabled employee.

Reversed.

---

[2] We note that, had the SIF applied for leave to appeal or moved for peremptory reversal of the WCAB's November 28, 1988, order, on the ground that it was clearly in error in light of *Riley,* this Court would almost certainly have granted relief.