CALLOWAY-GAINES v CRIME VICTIM SERVICES COMMISSION

Docket No. 114868. Decided September 12, 2000. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the order of the Court of Appeals and remanded the case for further proceedings.

Janet L. Calloway-Gaines sought benefits under the compensation of crime victims act, following the murder of her husband. The Crime Victim Services Commission denied most of the benefits. She filed a claim of appeal with the Court of Appeals, CORRIGAN, P.J., and BANDSTRA and HOOD, JJ., which was dismissed by unpublished order, explaining that, under MCL 18.358; MSA 3.372(8), an appeal of a decision by the commission is by application for leave to appeal, not a claim of appeal (Docket No. 210393). She then applied for leave to appeal to the Court of Appeals, D. E. HOLBROOK JR., P.J., and JANSEN, J. (FITZGERALD, J., dissenting), which was denied by unpublished order for lack of jurisdiction, stating that applications must be filed within thirty days after receipt of the report of the commission's final decision and that delayed applications may not be entertained (Docket No. 217960). The plaintiff seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The statutory appeal provision, MCL 18.358; MSA 3.372(8), does not make the thirty-day appeal period jurisdictional. A delayed appeal was available under MCR 7.205(F).

The statute governing appeals from the Crime Victim Services Commission, MCL 18.358(1); MSA 3.372(8)(1) reflects no intention to make the specified thirty days a jurisdictional limitation. Thus, the availability of a delayed appeal is governed by MCR 7.205, and the Court of Appeals had the authority to consider the application for leave to appeal, making it improper to dismiss for lack of jurisdiction.

Reversed and remanded.

*Jerome A. Moore* for the petitioner-appellant.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *John D. Walter*, Assistant Attorney General, for the respondent-appellee.

PER CURIAM. The plaintiff sought benefits under the compensation of crime victims act,[1] following the murder of her husband. The Crime Victim Services Commission denied most of the benefits which plaintiff sought, and she attempted to appeal to the Court of Appeals. That Court denied her delayed application for leave to appeal for lack of jurisdiction on the ground that the statute does not permit appeals more than thirty days after the commission's decision.

We conclude that the statutory appeal provision, MCL 18.358; MSA 3.372(8), does not make the thirty-day appeal period jurisdictional, and that a delayed appeal under MCR 7.205(F) was available.

I

The deceased, William Gaines, had retired from his employment with the city of Detroit in 1985. He received a pension from the city and Social Security benefits. The pension provided for a surviving spouse benefit for his then-wife, Bernyce Gaines, who died after William Gaines retired. Mr. Gaines then married plaintiff Janet Calloway-Gaines in March 1995.

On June 19, 1996, Mr. Gaines was murdered by an intruder, and both the pension and Social Security benefits were terminated.[2] In July 1996, plaintiff applied for benefits under the compensation for crime victims act. A claim specialist denied the claim, and plaintiff appealed the decision to the commission itself, which issued a ruling on March 4, 1998. It

---

[1] MCL 18.351 et seq.; MSA 3.372(1) et seq.

[2] Under the city of Detroit's retirement plan, a retiree must elect the benefit options at the time of retirement and changes are not permitted. Since Mr. Gaines married plaintiff years after his retirement, there was no provision under which he could cover her with a survivor pension.

awarded $508 for purchase of an urn for her husband's ashes, but denied the claim for loss of financial support by her husband. The commission said:

> A. The Victim, upon retirement, had signed off on a retirement option, whereby his first wife would become eligible to continue to receive his retirement benefits upon his death. She predeceased him, and, therefore, any benefits that would have accrued to his spouse were terminated at that time. The Commission cannot replace retirement income that terminated upon Mr. Gaines death.
>
> B. Pursuant to MCL 18.361. Sec. 11.(5)(c), Social Security benefits are payments received from public funds, and are not a replaceable loss of support unless it was the principal support. This is not the case as Mr. Gaines received $10,309.20 in Social Security Benefits and Janet Gaines' income was $6,235.76 for 1995. Janet Gaines was not 50% dependant on Mr. Gaines for support.

The cover letter to the commission's decision told plaintiff's counsel that if he disagreed with the report, "you may, within 30 days after its receipt, commence a proceeding in the *Michigan Court of Appeal[s]* to review the Decision of the Commission."

Plaintiff's counsel filed a claim of appeal with the Court of Appeals on March 18, 1998.[3] However, it was dismissed by order entered April 24, 1998, explaining that under MCL 18.358; MSA 3.372(8), an appeal of the decision by the commission is by application for leave to appeal, not a claim of appeal.

On March 4, 1999, plaintiff filed an application for leave to appeal to the Court of Appeals. It was denied for lack of jurisdiction on May 19, 1999, by order stating:

---

[3] Docket No. 210393.

The statute requires that an application be filed with this Court within 30 days after receipt of the report of the commission's final decision. MCL 18.358(1); MSA 3.372(8)(1). Delayed applications may not therefore be entertained. *Wszola v Robert Carter Corp*, 187 Mich App 372, 374; 468 NW2d 57 (1991); *Detroit v Lucas*, 180 Mich App 47; 446 NW2d 596 (1989).[4]

The plaintiff has filed a delayed application for leave to appeal to this Court.

II

The statute governing appeals from the Crime Victim Services Commission is MCL 18.358(1); MSA 3.372(8)(1):

Within 30 days after receiving the copy of the report containing the commission's final decision, the claimant may by leave to appeal commence a proceeding in the court of appeals to review the commission's decision.

The plaintiff's application for leave to appeal was filed well after the thirty-day period. The Court of Appeals relied on that fact in denying the application for lack of jurisdiction and stating that, in light of the statute, delayed applications may not be entertained.

In announcing that conclusion, the Court of Appeals relied on *Wszola v Robert Carter Corp* and *Detroit v Lucas, supra.* However, the statutes involved in those cases were quite different. *Wszola* was a worker's compensation appeal. MCL 418.861; MSA 17.237(861) makes a timely filing of an appeal a

---

[4] The order stated that Judge FITZGERALD would have granted leave to appeal.

condition of the power of the appellate courts to review the administrative decisions:

> The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state. [MCL 418.861; MSA 17.237(861).]

As the Court of Appeals panel in *Wszola* observed:

> In interpreting the relationship between this statute and the court rules, a panel of this Court has already determined, as a threshold matter, that the appeal must be one "provided by law." *Bellamy v Arrow Overall Supply Co*, 171 Mich App 310, 314; 429 NW2d 884 (1988). Because by statute only final orders appealed within thirty days are those appealable "by law," we agree with the reasoning in *Bellamy* that "the plain and unambiguous language of § 861 limits the jurisdictional power of this Court." *Id.* Our review is limited to questions of law involved in any final order of the board if application is made within thirty days of the order. [187 Mich App 374.]

*Detroit v Lucas, supra,* involved the Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.* Section 6 of that statute governs appeals from decisions upholding the determination of public necessity or upholding the validity of the condemnation proceeding. It makes such orders appealable to the Court of Appeals by leave pursuant to the general court rules. However, it specifies that only timely appeals are permitted:

> [A]n order of the court upholding or determining public necessity or upholding the validity of the condemnation proceeding is appealable to the court of appeals only by leave of that court pursuant to the general court rules. In

> the absence of a timely filed appeal of the order, an appeal shall not be granted and the order is not appealable as part of an appeal from a judgment as to just compensation. [MCL 213.56(6); MSA 8.265(6)(6).]

Const 1963, art 6, § 10 provides that the jurisdiction of the Court of Appeals shall be provided by law, and that the practice and procedure in that Court is to be prescribed by the rules of the Supreme Court. The worker's compensation and condemnation statutes involved in *Wszola* and *Detroit v Lucas*, clearly make a timely filing—within thirty days in worker's compensation cases, and within the time set by court rule in condemnation cases—a limitation on the jurisdiction of the appellate court. By contrast, the statute governing the instant case reflects no intention to make the specified time a jurisdictional limitation. Thus, the availability of a delayed appeal is governed by MCR 7.205, and the Court of Appeals had the authority to consider the application for leave to appeal, making it improper to dismiss for lack of jurisdiction.

We therefore reverse the Court of Appeals order of May 19, 1999, and remand the case to the Court of Appeals for consideration of the plaintiff's application for leave to appeal.

WEAVER, C.J., and CAVANAGH, KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.