VILLAGE OF OXFORD v NATHAN GROVE FAMILY, LLC

Docket No. 258060. Submitted February 7, 2006, at Lansing. Decided
    February 14, 2006. Approved for publication April 25, 2006, at 9:00
    a.m. Leave to appeal sought.

The village of Oxford brought an action in the Oakland Circuit Court
    against Nathan Grove Family, LLC (NGF), and others to condemn
    land owned by NGF for use as a free parking area in the village.
    NGF moved for summary disposition, challenging the necessity of
    the taking. The court, Fred M. Mester, J., granted NGF summary
    disposition, concluding that the village abused its discretion in
    determining necessity. The village appealed.

    The Court of Appeals *held*:

    The trial court did not err by granting NGF summary
    disposition. The trial court determined that the village had
    authority under MCL 213.23 to condemn private property for
    public parking. A proposed taking must be necessary to advance
    one of the objectives enumerated in that statute. The determi-
    nation of necessity is made by the public agency, in this case the
    village, and that determination of necessity is binding on the
    court absent a showing of fraud, error of law, or abuse of
    discretion. The party opposing the condemnation has the bur-
    den of proving fraud, error, or abuse of discretion. In this case,
    NGF intended to maintain the property for use as a parking lot,
    albeit a paid parking lot, and the dispute involved whether the
    parking should be free. It is the availability of parking that is
    crucial to the vitality of the area in question, and paid parking
    fulfills that function as well as free parking. The village's
    contention that paid parking would be detrimental to the public
    was based on pure speculation, and the trial court did not err by
    concluding that the village abused its discretion in determining
    that the taking was necessary.

    Affirmed.

*Robert L. Bunting* and *O'Reilly Rancilio P.C.* (by
*Robert Charles Davis*) for the village of Oxford.

*Adkison, Need & Allen, PLLC* (by *Gregory K. Need*), for Nathan Grove Family, LLC.

Before: BORRELLO, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Plaintiff village of Oxford appeals as of right a circuit court order granting the motion by defendant Nathan Grove Family, LLC, that challenged the necessity of the taking in this condemnation case. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

The parties and the trial court erred in treating defendant's motion as one for summary disposition pursuant to MCR 2.116(C)(10). The purpose of such a motion is to determine if a genuine issue of fact exists for trial. *Marlo Beauty Supply, Inc v Farmers Ins Group of Cos*, 227 Mich App 309, 320-321; 575 NW2d 324 (1998), mod on other grounds by *Hart v Farmers Ins Exch*, 461 Mich 1 (1999). However, a challenge to necessity is to be determined by the court, not by a jury. *City of Kalamazoo v KTS Industries, Inc*, 263 Mich App 23, 40-41; 687 NW2d 319 (2004). The court is not to determine whether a genuine issue of fact exists for trial, but is to decide the issue of necessity at a hearing held for that purpose. MCL 213.56(3).

The trial court determined that plaintiff had the statutory authority to condemn private property for public parking, MCL 213.23. If a public corporation has authority to condemn property, the proposed taking must not only advance one of the three objectives enumerated in MCL 213.23, "but it must also be 'necessary' to that end." *Wayne Co v Hathcock*, 471 Mich 445, 463; 684 NW2d 765 (2004). "[T]he determination of necessity is left not to the courts but to the

public agency, which in this case is the [village]." *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 253; 701 NW2d 144 (2005). A public agency's determination of necessity "is binding on the court in the absence of a showing of fraud, error of law, or abuse of discretion." MCL 213.56(2). Thus, the court is to determine whether fraud, error, or abuse of discretion has been shown. *Novi, supra* at 253. The party opposing the condemnation bears the burden of proving fraud, error, or abuse of discretion. *Hathcock, supra* at 466.

The trial court in this case determined that defendant had shown an abuse of discretion. "An abuse of discretion occurs when an unprejudiced person considering the facts upon which the decision was made would say that there was no justification or excuse for the decision." *Novi, supra* at 254. The trial court's factual findings are reviewed for clear error. *Id.* at 249. "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Forfeiture of $19,250*, 209 Mich App 20, 29; 530 NW2d 759 (1995). The trial court's legal conclusions are reviewed de novo. *Novi, supra* at 249.

By virtue of its resolution, plaintiff determined that the taking was necessary. The parties seemed to agree that parking in general is necessary in any downtown area, and even defendant's expert suggested that defendant's property was a main source of parking space in the northeast quadrant, having a peak usage of 75 percent. Certainly if defendant did not intend to operate a parking lot, thereby depriving plaintiff of a significant portion of the available parking in the area, it could be argued that the taking was necessary. However, defendant intended to maintain the property for use as a parking lot. The dispute centered on whether parking

had to be free. Plaintiff's expert's opinions about free parking apply equally to paid parking. It is the availability of parking to serve citizens seeking safe and convenient access to public and private facilities in the area that is crucial to the continued vitality of the area, and paid parking fulfills that function as well as free parking. Defendant showed that plaintiff's determination that paid parking was detrimental to the public was based on pure speculation. No study or other objective evidence showed that citizens would drive around neighborhoods or crowd into other areas of the village to avoid paid parking, or would cease patronizing businesses in the area altogether if parking were not free. The characterization of the lot as a "choke-point" seemed to indicate that it is in a central location accessible by several routes leading into the area. However, because it is utilized for parking rather than through traffic, it is unclear how closing it to all but paying customers would increase traffic congestion or interfere with emergency vehicles' access to the area. Given that parking was a necessity, that defendant intended to provide parking, and that there was no basis in fact for plaintiff's conclusion that parking had to be free, the trial court did not err in concluding that plaintiff abused its discretion in determining that the taking was necessary.

Affirmed.