*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CONSUMERS ENERGY COMPANY,

        Plaintiff-Appellant,

v

BRIAN STORM and ERIN STORM,

        Defendants-Appellees,

and

LAKE MICHIGAN CREDIT UNION,

        Defendant.

FOR PUBLICATION
November 19, 2020
9:10 a.m.

No. 350617
Kalamazoo Circuit Court
LC No. 2019-000160-CC

Before: O'BRIEN, P.J., and BECKERING and CAMERON, JJ.

O'BRIEN, P.J.

In this takings case, plaintiff appeals as of right the trial court's order dismissing the case and awarding attorney fees to defendants.[1] For the reasons explained in this opinion, we dismiss plaintiff's appeal in part, and vacate that portion of the trial court's order awarding attorney fees to defendants.

## I. BACKGROUND

Plaintiff, a provider of electric power in Michigan, owns a powerline running through property in front of defendants' property. There is about 10 feet between plaintiff's powerline and defendants' property. Plaintiff sought an easement on defendants' property that would stretch 80 feet from plaintiff's powerline onto defendants' property, and would allow plaintiff to enter

---

[1] For purposes of this opinion, "defendants" refers only to Brian and Erin Storm. The other defendant, Lake Michigan Credit Union, had a default judgment entered against it in the trial court, and it and has taken no part in this appeal.

defendants' property as necessary to maintain the powerline and to manage vegetation on the property that could threaten the line.

Under MCL 486.252, plaintiff has authority "[t]o condemn all lands and any and all interests therein," including "easements," that "may be necessary to generate, transmit, and transform electric energy for public use in, upon, or across private property." After defendants rejected plaintiff's good-faith offer to purchase the easement, plaintiff, proceeding under MCL 486.252, filed in the trial court a complaint to condemn an easement interest in defendants' property. In response to plaintiff's complaint, defendants filed a motion challenging the necessity of the easement under MCL 213.56(1) of the Uniform Condemnation Procedures Act (UCPA), MCL 213.51a *et seq*. The trial court set the matter for a hearing, MCL 213.56(1), and because plaintiff was a private agency under MCL 213.51(h), the hearing proceeded under MCL 213.56(3). That statute provides in relevant part, "Except as otherwise provided in this section, with respect to an acquisition by a private agency, the court at the hearing shall determine the public necessity of the acquisition of the particular parcel." MCL 213.56(3). At the ensuing hearing, the trial court determined that plaintiff failed to establish the public necessity of acquiring an easement on defendants' property, and ruled in favor of defendants.

Defendants thereafter moved for attorney fees under MCL 213.66(2). Plaintiff contested the motion, arguing that attorney fees are appropriate under MCL 213.66(2) only if the court finds the proposed acquisition improper, which the court did not do in this case. The trial court disagreed, holding that, by ruling for defendants' in their challenge to plaintiff's acquisition, the court had necessarily found the proposed acquisition improper.

In accordance with its rulings, the trial court entered an order dismissing the case and awarding attorney fees to defendants. Plaintiff appeals that order as of right.

II. JURISDICTION

After plaintiff filed its appeal, defendants moved to dismiss the appeal for lack of jurisdiction, arguing that plaintiff was required by MCL 213.56(6) to appeal the trial court's public-necessity determination by leave granted. A panel of this Court denied the motion without prejudice for consideration by the case-call panel.[2] After reviewing the issue, we agree with defendants and therefore dismiss plaintiff's appellate challenge to the trial court's public-necessity determination for lack of jurisdiction.

A challenge to this Court's jurisdiction is a question of law reviewed de novo. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). Likewise, this Court reviews de novo the interpretation of the UCPA. *Bd of Co Rd Commissioners for Co of Washtenaw v Shankle*, 327 Mich App 407, 412; 934 NW2d 279 (2019).

As stated, after defendants challenged the necessity of plaintiff's proposed acquisition under MCL 213.56(1), the trial court proceeded under MCL 213.56(3) and determined that

---

[2] *Consumers Energy Company v Storm*, unpublished order of the Court of Appeals, entered July 23, 2020 (Docket No. 350617).

plaintiff's acquisition of easement rights to defendants' property was unnecessary. That determination constituted a final judgment. MCL 213.56(5) ("The court's determination of a motion to review necessity is a final judgment."). While final judgments are generally appealable to this Court as a matter of right under MCL 600.309, MCL 213.56(6) states:

> Notwithstanding [MCL 600.309], *an order of the court* upholding or *determining public necessity* or upholding the validity of the condemnation proceeding *is appealable to the court of appeals only by leave of that court* pursuant to the general court rules. In the absence of a timely filed appeal of the order, an appeal shall not be granted and the order is not appealable as part of an appeal from a judgment as to just compensation. [Emphasis added.]

The question now before us is whether the trial court's determination that no public necessity justified plaintiff's acquisition of easement rights to defendant's property was "an order of the court upholding or determining public necessity" under MCL 213.56(6) such that the determination was only appealable by leave granted.

To properly interpret a statute, we must discern and give effect to the Legislature's intent. *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 631; 563 NW2d 683 (1997). The most reliable evidence of the Legislature's intent is the language used in the statute itself. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Id*. When interpreting an undefined statutory term, the term "must be accorded its plain and ordinary meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). "When considering the correct interpretation, the statute must be read as a whole." *Michigan Properties, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012).

We conclude that it is clear from the statutory text that the trial court's public-necessity determination in this case was only appealable by leave granted under MCL 213.56(6). To reach this conclusion, we begin by addressing the difference between an order "determining" public necessity and one "upholding" public necessity under MCL 213.56(6).

When a private agency such as plaintiff seeks to acquire property under MCL 213.56 and an owner contests the acquisition, the case proceeds under MCL 213.56(3). Absent exceptions not present here, the case goes to a hearing where the court must "determine the public necessity of the acquisition." MCL 213.56(3). The use of "determine" in MCL 213.56(3) clearly leaves a court discretion to decide that no public necessity justified the proposed acquisition. In contrast, when a public agency seeks to acquire property under MCL 213.56 and an owner contests the acquisition, the case proceeds under MCL 213.56(2), and at the ensuing hearing, "the [public agency's] determination of public necessity is binding on the court in the absence of a showing of fraud, error of law, or abuse of discretion." In other words, the trial court at the ensuing hearing does not have discretion to determine the public necessity of the acquisition, and is instead bound to uphold the public agency's determination of public necessity absent "a showing of fraud, error of law, or abuse of discretion." MCL 213.56(2). The court in those instances would not be "determining" public necessity like it would under MCL 213.56(3), but would be "upholding" a prior determination of public necessity.

With this in mind, it is clear that MCL 213.56(6)'s language referring to "an order of the court upholding . . . public necessity" is referring to instances where a prior determination of public necessity is binding on the court, and the court is asked whether to uphold that determination.[3] And MCL 213.56(6)'s language referring to "an order of the court . . . determining public necessity" is referring to instances where the court is asked to determine public necessity, namely "with respect to an acquisition by a private agency" when the court must "determine the public necessity of the acquisition of the particular parcel" under MCL 213.56(3).

It follows that an order "determining" public necessity under MCL 213.56(6) refers to both an order determining that public necessity justified an acquisition *and* an order determining that no public necessity justified the acquisition. Again, an order "determining" public necessity under MCL 213.56(6) refers to the order that results after a trial court "determine[s] the public necessity of the acquisition" under MCL 213.56(3). As stated earlier, "determine" as used in MCL 213.56(3) clearly leaves a court discretion to decide that no public necessity justified the proposed acquisition. Under the consistent-usage canon, it is presumed that the Legislature intends for a word to bear the same meaning throughout a text. See *United States Fid & Guar Co v Michigan Catastrophic Claims Ass'n*, 484 Mich 1, 14; 795 NW2d 101 (2009) ("If the Legislature had intended the same meaning in both statutory provisions, it would have used the same word."); *Szydelko v Estate of Smith*, 259 Mich 519, 521; 244 NW 148 (1932) ("In arriving at the legislative intent, it is helpful to refer to other probate statutes where the same words are used; for, if in other statutes they are used in relation to general administration only, it is fair to assume that they were intended to have the same meaning in this statute."). Applying this canon to MCL 213.56, it is presumed that the Legislature intended for "determine" as used in MCL 213.56(3) to have the same meaning when used in subsection (6). That is, an order "determining public necessity" under MCL 213.56(6) encompasses both an order determining that public necessity was established and an order determining that it was not, similar to how a trial court under MCL 213.56(3) can determine public necessity was established or determine that it was not.

Plaintiff contends that MCL 213.56(6) "applies *only* to trial court orders that *reject* a property owner's motion to review necessity and confirm that necessity exists, thereby allowing the condemnation to proceed." Plaintiff contends that this is supported by the plain language of

---

[3] Our interpretation of the interaction between MCL 213.56(2) and MCL 213.56(6) is consistent with prior cases involving rulings against a public agency's proposed acquisition—a ruling *against* a public agency would not be an order "upholding" the agency's determination of public necessity, and therefore would be an appealable final order, MCL 213.56(5), not subject to MCL 213.56(6). See, e.g., *Village of Oxford v Nathan Grove Family LLC*, 270 Mich App 685, 686-687; 717 NW2d 400 (2006) (stating that the plaintiff, a public agency for purposes of MCL 213.56(2), was appealing as of right an order of the circuit court granting a property owner's challenge to the necessity of the plaintiff's proposed taking). We further note that an order "upholding" a determination of public necessity is not necessarily limited to cases where a public agency seeks to make the acquisition and the court proceeds under MCL 213.56(2). See, e.g., MCL 213.56(3) (stating that, "with respect to an acquisition by a private agency," "[t]he granting of a certificate of public convenience and necessity by the public service commission pursuant to the electric transmission line certification act, [MCL 460.561 to 460.575], is binding on the court.").

-4-

MCL 213.56(6) because, looking to a dictionary, "determine" when used as a verb is defined as "to fix conclusively or authoritatively." *Merriam-Webster's Collegiate Dictionary* (11th ed). That definition, however, is clearly not an appropriate definition for "determine" as used in MCL 213.56. The example the dictionary gives for plaintiff's proposed definition of "determine" as a verb is "*determine* national policy." *Merriam-Webster's Collegiate Dictionary* (11th ed). When a trial court determines the public necessity of an acquisition, it is not determining public necessity the way a leader of a country "determines national policy."

The better definition of "determine" when used as a verb in MCL 213.56 is "to find out or come to a decision about by investigation, reasoning, or calculation," for example, "*determine* the answer to the problem." *Merriam-Webster's Collegiate Dictionary* (11th ed). This fits in the statute far better; when a trial court determines the public necessity of an acquisition, it is coming to a decision about the public necessity of the acquisition by reasoning, the way courts often do when rendering decisions. See *Consumers Power Co v Pub Serv Comm*, 460 Mich 148, 163 n 10; 596 NW2d 126 (1999) (observing that dictionaries "often contain multiple definitions," and using dictionaries as "interpretive aids" requires selecting the definition that gives the word the most appropriate meaning based on its "context or setting"). This definition of "determine" as a verb encompasses both a decision that the public necessity of the acquisition was established, and a decision that it was not, and therefore cuts against plaintiff's argument.

Plaintiff contends that this definition of "determine"—which is similar to the one cited by defendants in their motion to dismiss—cannot be correct because it undermines "the UCPA's 'overall statutory scheme' of allowing agencies to quickly acquire property for projects." This is incorrect for two reasons. First, the "overall statutory scheme" is not a reason to rewrite the Legislature's clear intent as evidenced by the language used in the statute itself. See *Perkovic v Zurich Am Ins Co*, 500 Mich 44, 53; 893 NW2d 322 (2017) ("The Court of Appeals' reliance on the perceived purpose of the statute runs counter to the rule of statutory construction directing us to discern legislative intent from plain statutory language."). Second, there is no reason to conclude that requiring a private agency to appeal an adverse determination of public necessity by leave granted would delay the agency any more than allowing it to appeal the determination by right. In fact, it seems that requiring an agency to appeal by leave granted will allow the agency to know sooner whether their appeal may have merit—if leave is denied, the agency knows that it must proceed without the property it sought to acquire.

Plaintiff also contends that the language used in the last sentence of MCL 213.56(6) makes clear that the subsection only applies to property owners when it states, "In the absence of a timely filed appeal of the order, an appeal shall not be granted and the order is not appealable as part of an appeal from a judgment as to just compensation." Plaintiff points out that if a trial court determines that there is no public necessity for a proposed acquisition, the case is dismissed and does not proceed to a ruling on just compensation. While plaintiff is correct in this respect, we read this sentence as providing guidance on what happens when leave to appeal is not timely filed. We do not read the sentence as limiting the application of MCL 213.56(6) to property owners.

In sum, the trial court's order determining that there was no public necessity for plaintiff's proposed acquisition was "an order of the court . . . determining public necessity" under MCL 213.56(6), and was therefore only appealable by leave granted.

-5-

Plaintiff contends that even if it was required to appeal by leave granted, this Court can exercise its discretion to treat this appeal as of right as an appeal on leave granted. See, e.g., *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 61; 807 NW2d 354 (2011) (holding that, although the case was only appealable by leave granted and the defendant appealed by right, this Court would "exercise [its] discretion to treat [the defendant's] claim of appeal as a granted application for leave to appeal" for the sake of judicial economy). While generally true, this Court has no discretion to treat *this* appeal as on leave granted. MCL 213.56(6) states in relevant part, "In the absence of a timely filed appeal of the order, an appeal *shall not be granted* . . . ." (Emphasis added.) "The phrases 'shall' and 'shall not' are unambiguous and denote a mandatory, rather than discretionary action." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002). Thus, unlike the normal course of an appeal, this Court does not have discretion to treat this appeal as on leave granted. Instead, the appeal "shall not be granted," MCL 213.56(6), and must therefore be dismissed.

This is supported by *City of Detroit v Lucas*, 180 Mich App 47; 446 NW2d 596 (1989). There, the appellants appealed an order determining public necessity by right instead by leave granted, as required by MCL 213.56(6). *Id*. at 49-50. This Court held that it was "without jurisdiction to review the circuit court order . . . because the application for leave to appeal was not timely filed." *Id*. at 51. While we are not strictly bound by *Lucas* because it was decided before November 1, 1990, see MCR 7.215(J)(1), we nonetheless find it persuasive and agree with its application of the clear and unequivocal language used by the Legislature in MCL 213.65(6). See also *Michigan Dept of Transp v Benson*, 443 Mich 870, 870 (1993) ("Leave to appeal from the Court of Appeals order dismissing the appellants' claim of appeal is DENIED, because the circuit court order 'upholding the validity of the condemnation is appealable to the Court of Appeals only by leave of that court pursuant to the general court rules.' MCL 213.56(6)."). Therefore, like in *Lucas*, we conclude that plaintiff's failure to properly appeal the trial court's order determining public necessity requires dismissal of that portion of its appeal.

## III. ATTORNEY FEES

Plaintiff also challenges the trial court's award of attorney fees to defendants. MCL 213.56(6) says nothing about a trial court's order of attorney fees, and we interpret that statute as being limited to "an order of the court upholding or determining public necessity or upholding the validity of the condemnation proceeding . . . ." MCL 213.56(6). Thus, despite dismissing that portion of plaintiff's appeal challenging the trial court's determination of public necessity, we address plaintiff's challenge to the portion of the trial court's order awarding attorney fees to defendants.

Plaintiff does not contest the reasonableness of the awarded attorney fees, and instead argues that the trial court incorrectly applied MCL 213.66(2) to the facts of this case. We agree. While attorney fees are generally reviewed for an abuse of discretion, whether the trial court properly interpreted and applied the UCPA to an award of attorney fees is reviewed de novo. *Indiana Michigan Power Co v Cmty Mills Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 349671); slip op at p 2.

After successfully challenging plaintiff's proposed acquisition of their property, defendants sought—and the trial court awarded defendants—attorney fees under MCL 213.66(2), which states:

> If the property owner, by motion to review necessity or otherwise, successfully challenges the agency's right to acquire the property, or the legal sufficiency of the proceedings, and the court finds the proposed acquisition improper, the court shall order the agency to reimburse the owner for actual reasonable attorney fees and other expenses incurred in defending against the improper acquisition.

In *Escanaba & Lake Superior R Co v Keweenaw Land Ass'n, Ltd*, 156 Mich App 804, 812; 402 NW2d 505 (1986), this Court acknowledged that a property owner requesting attorney fees under MCL 213.66(2) must satisfy two prongs: (1) the property owner must successfully challenge the agency's right to acquire the property or the legal sufficiency of the proceedings, and (2) the court must find the proposed acquisition improper.

In *Escanaba*, the property-owner defendants successfully challenged the legal sufficiency of the proceedings—satisfying the first prong of MCL 213.66(2)—but the trial court did not explicitly find that the proposed acquisition was improper. *Id*. at 807. On appeal, the plaintiff argued that absent such a finding by the trial court, the second prong necessary to recover attorney fees under MCL 213.66(2) was not satisfied. *Id*. at 812. This Court disagreed, holding "that a finding that the condemnation proceedings are procedurally defective is per se a finding that the proposed acquisition is improper, and that the trial court does not have to separately state on the record that it finds the acquisition 'improper.' " *Id*. at 812-813.

There is no question that defendants successfully challenged plaintiff's acquisition in this case, thereby satisfying the first prong of MCL 213.66(2). The dispute on appeal is whether the second prong was satisfied. *Escanaba* is not applicable because its holding was limited to instances in which the property owner prevails based on the legal insufficiency of the proceedings; it says nothing about cases like this one where the property owner successfully challenges the agency's right to acquire the property.

Nonetheless, the trial court concluded that, similar to this Court's ruling in *Escanaba*, a trial court's ruling in favor of a property owner challenging an agency's right to acquire the property is necessarily a finding by the court that the proposed acquisition was improper. We disagree and conclude that, in this case, the trial court's ruling against plaintiff on defendants' challenge to the necessity of plaintiff's proposed acquisition was not a per se finding that the proposed acquisition was improper.

When interpreting a statute, courts "must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) (quotation marks and citation omitted). If every property owner's successful challenge to the legal sufficiency of condemnation proceedings is per se a finding by the court that the acquisition was improper (as this Court held in *Escanaba*) , *and* every property owner's successful challenge to the agency's right to acquire the property is a per se finding by the court that the acquisition was improper (as

defendants argue and the trial court held), then MCL 213.66(2)'s requirement that "the court finds the proposed acquisition improper" is rendered completely nugatory. If such an interpretation were the Legislature's intent, then it would have simply left out MCL 213.66(2)'s requirement that "the court finds the proposed acquisition improper."

The circumstances of this case illustrate why granting a property owner's challenge to an acquisition is not a per se finding that the proposed acquisition was improper. At the hearing to determine the public necessity of the acquisition, the trial court placed the burden of proving the necessity of the acquisition on plaintiff,[4] stating that it did "not believe that plaintiff has established a basis on which a taking of this particular property for the easements that are being proposed has established a necessity." At the hearing on defendants' request for attorney fees, the court reiterated that, at the necessity hearing, plaintiff had the burden of proving that its proposed acquisition was necessary, stating that "plaintiff had failed" to demonstrate that "there was a necessity to condemn" defendants' property. Because the trial court placed the burden of proving the public necessity of the acquisition on plaintiff, its ruling in defendants' favor was a finding that plaintiff failed to carry its burden. That is, the trial court's ruling was not akin to a finding that *defendants proved* that plaintiff's proposed acquisition was not necessary, and thus the ruling could not be a per se finding that the acquisition was improper. The trial court's ruling in defendants' favor was a finding that plaintiff failed to carry its burden, nothing more.

This highlights the fundamental flaw in defendants' argument. Defendants contend that by successfully challenging plaintiff's attempted acquisition, "the trial court found that there was no necessity for the condemnation." As explained, this is inaccurate; what the trial court found was that plaintiff failed to establish that its acquisition of defendants' property was necessary. That finding is distinct from a finding that the acquisition was improper.[5]

---

[4] The parties contest who should have borne the burden of proving public necessity at the necessity hearing—defendants contend that the burden was always on plaintiff, while plaintiff contends that its declaration of taking established a prima facie case that its proposed taking was necessary. We do not resolve that dispute in this case because we do not have jurisdiction to review the trial court's determination of public necessity. Moreover, even if we did have jurisdiction, the issue was not properly presented for our review, having been first raised by plaintiff in its reply brief on appeal. See *Kinder Morgan Michigan, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007) (declining to address issues first raised in a reply brief because "[r]eply briefs must be confined to rebuttal, and a party may not raise new or additional arguments in its reply brief"). Because the issue is not properly before us, we merely observe that the trial court placed the burden of proving necessity on plaintiff at all times, and we offer no opinion whether it was proper for the court to do so.

[5] We offer no opinion on whether a property owner's successful challenge to a public agency's right to acquire the property is a per se finding that the proposed acquisition was improper. In such a case, the agency's determination of public necessity is binding on the court absent a showing of fraud, error of law, or abuse of discretion, MCL 213.56(2), which appears to place the burden on property owners to show that the taking was improper.

This is not to say that *Escanaba* was wrongly decided. To the contrary, *Escanaba*'s holding comports with our reasoning. In *Escanaba*, the defendants moved for summary disposition challenging the legal sufficiency of the proceedings on grounds that the plaintiff failed to make a good-faith offer to purchase the property as required by the UCPA. *Escanaba*, 156 Mich App at 809. In granting the motion, the trial court held that there was no question of fact that the plaintiff failed to make a good-faith offer to purchase the property, so the proceedings were legally insufficient, and the defendants were entitled to judgment as a matter of law. *Id.* Thus, the trial court in *Escanaba* held that the defendants established that the proceedings were legally insufficient, thereby affirmatively establishing that the proposed acquisition was improper. Here, in contrast, defendants did not establish that acquisition of their property was *not* a necessity; rather, plaintiff failed to carry its burden of establishing the necessity of its proposed acquisition.

Defendants argue that our interpretation is "entirely inconsistent with the purpose for fee-shifting in the first place." This Court recently reiterated that "[t]he rationale behind MCL 213.66(2) is that property owners may not be forced to suffer because of an action that they did not initiate and that endangered, through condemnation proceedings, their right to private property." *Indiana Michigan Power*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted). And in *Escanaba*, this Court stated that "[t]he legislative intent behind the [UCPA] is to place the owner of the property in as good a position as was occupied before the taking." *Escanaba*, 156 Mich App at 815. Thus, defendants are correct to the extent that not awarding them attorney fees seems to run contrary to the purpose behind the statute. Yet MCL 213.66(2) clearly requires that "the court find[] the proposed acquisition improper" before awarding attorney fees. So, while our interpretation of MCL 213.66(2) may be "inconsistent with the purpose of the fee-shifting" statute as defendants suggest, it is nonetheless consistent with the plain statutory language. The plain language of a statute is not trumped by "the perceived purpose of the statute." *Perkovic*, 500 Mich at 53 ("The Court of Appeals' reliance on the perceived purpose of the statute runs counter to the rule of statutory construction directing us to discern legislative intent from plain statutory language.").

## IV. CONCLUSION

For the reasons explained in this opinion, we dismiss plaintiff's appeal in part, and vacate that portion of the trial court's order awarding attorney fees to defendants.

Dismissed in part, vacated in part. No taxable costs, neither party having prevailed in full.

/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Thomas C. Cameron