*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN GAS UTILITIES CORPORATION,

Plaintiff-Appellee,

v

E. RICHARD MIDLAM, JR., and LISA R. MIDLAM, Cotrustees of the EARL R. MIDLAM AND HAZEL M. MIDLAM TRUST,

Defendants-Appellants,

and

CONSUMERS POWER COMPANY, CONSUMERS ENERGY COMPANY, CONSUMERS ENERGY, MICHIGAN BELL TELEPHONE COMPANY, EXXON COAL RESOURCES, GARY TROLZ, MATRIX EXPLORATION & DEVELOPMENT, LUCAS EXPLORATION & DEVELOPMENT, STRICKLER RESOURCES LP, DEPARTMENT OF AGRICULTURE AND RURAL DEVELOPMENT, CALHOUN COUNTY ROAD COMMISSION, PETER S. LUCYSHYN, Trustee of the MYMACHOD TRUST, AT&T, and DOUBLE EAGLE FARMS II, CO,

Defendants.

UNPUBLISHED
May 01, 2025
1:50 PM

Nos. 366202; 366766
Calhoun Circuit Court
LC No. 2022-000973-CC

MICHIGAN GAS UTILITIES CORPORATION,

Plaintiff-Appellee,

v

Nos. 366204; 366767
Calhoun Circuit Court

-1-

E. RICHARD MIDLAM, JR., and LISA R.                    LC No.   2022-000983-CC
MIDLAM, Cotrustees of the EARL R. MIDLAM
AND HAZEL M. MIDLAM TRUST,

          Defendants-Appellants,

and

MICHIGAN BELL TELEPHONE COMPANY,
GARY TROLZ, GLYNN TROLZ AND
ASSOCIATES, INC., MATRIX EXPLORATION &
DEVELOPMENT, LUCAS EXPLORATION &
DEVELOPMENT, WEST BAY EXPLORATION
COMPANY, STRICKLER RESOURCES LP,
TIMMUS ENERGY PARTNERS, INC., POLARIS
ENERGY, INC., NOVERR ENTERPRISES, LLC,
TONI S. TONDA, JES ENTERPRISES, LLC, JES
INVESTMENTS, LLC, JEFFREY S. SOBECK,
SNH HOLDINGS, PETER NOVERR, CASEY
COWELL, INNOVA EXPLORATION, INC,
CHERRY RIVER INVESTMENTS, LLC, JORDAN
DEVELOPMENT COMPANY, LLC, ROCK OIL
COMPANY, LLC, TREDWELL ENERGY
CORPORATION, TIMOTHY L. BAKER, JIM
BOWSER, GARY GOTTSCHALK, HARRY L.
GRAHAM, MATT JOHNSTON, MURRAY
MATSON, ERIC MAYFIELD, SHEILA
MAYFIELD, MORRIS A. MICELI, DAVID
RATAJ, KEITH SCHAUB, BENNETT L. SMITH
III, BENNETT LAWSON SMITH III, TRUST,
MARY VANCE TUCKER STILLWELL TRUST,
LUCY LEA TUCKER TRUST, ROBERT E.
TUCKER, JR.,  MATTHEW A. JOHNSTON and
KELLY L. JOHNSTON, Cotrustees of the
JOHNSTON TRUST, CALHOUN COUNTY
WATER RESOURCES COMMISSION,
DEPARTMENT OF AGRICULTURE AND
RURAL DEVELOPMENT, PETER S.
LUCYSHYN, Trustee of the MYMACHOD TRUST,
AT&T, L. NICHOLAS & NANCY RUWE
CHARITABLE TRUST, JOHN SCHMITZ, Personal
Representative of the ESTATE OF N. RUWE,
CALHOUN COUNTY BOARD OF
COMMISSIONERS, CONSUMERS ENERGY
COMPANY, CONSUMERS ENERGY,

-2-

CONSUMERS POWER COMPANY, and DOUBLE
EAGLE FARMS II, CO.,

Defendants.

_____

MICHIGAN GAS UTILITIES,

Plaintiff-Appellee,

v                                                      No.   367103
                                                       Calhoun Circuit Court
E. RICHARD MIDLAM, JR., and LISA R.                    LC No.   2022-000973-CC
MIDLAM, Cotrustees of the EARL R. MIDLAM
AND HAZEL M. MIDLAM TRUST,
CONSUMERS POWER COMPANY,
CONSUMERS ENERGY COMPANY,
CONSUMERS ENERGY, MICHIGAN BELL
TELEPHONE COMPANY, EXXON COAL
RESOURCES, GARY TROLZ, MATRIX
EXPLORATION & DEVELOPMENT, LUCAS
EXPLORATION & DEVELOPMENT,
STRICKLER RESOURCES, LP, DEPARTMENT
OF AGRICULTURE AND RURAL
DEVELOPMENT, CALHOUN COUNTY ROAD
COMMISSION, PETER S. LUCYSHYN, Trustee of
the MYMACHOD TRUST, and AT&T,

Defendants,

and

DOUBLE EAGLE FARMS II, CO.,

Defendant-Appellant.

_____

MICHIGAN GAS UTILITIES CORPORATION,

Plaintiff-Appellee,

v                                                      No.   367104
                                                       Calhoun Circuit Court
E. RICHARD MIDLAM, JR., and LISA R.                    LC No.   2022-000983-CC
MIDLAM, Cotrustees of the EARL R. MIDLAM
AND HAZEL M. MIDLAM TRUST, MICHIGAN

-3-

BELL TELEPHONE COMPANY, GARY TROLZ, GLYNN TROLZ AND ASSOCIATES, INC., MATRIX EXPLORATION & DEVELOPMENT, LUCAS EXPLORATION & DEVELOPMENT, WEST BAY EXPLORATION COMPANY, STRICKLER RESOURCES LP, TIMMUS ENERGY PARTNERS, INC., POLARIS ENERGY, INC., NOVERR ENTERPRISES, LLC, TONI S. TONDA, JES ENTERPRISES, LLC, JES INVESTMENTS, LLC, JEFFREY S. SOBECK, SNH HOLDINGS, PETER NOVERR, CASEY COWELL, INNOVA EXPLORATION, INC., CHERRY RIVER INVESTMENTS, LLC, JORDAN DEVELOPMENT COMPANY, LLC, ROCK OIL COMPANY, LLC, TREDWELL ENERGY CORPORATION, TIMOTHY L. BAKER, JIM BOWSER, GARY GOTTSCHALK, HARRY L. GRAHAM, MATT JOHNSTON, MURRAY MATSON, ERIC MAYFIELD, SHEILA MAYFIELD, MORRIS A. MICELI, DAVID RATAJ, KEITH SCHAUB, BENNETT L. SMITH III, BENNETT LAWSON SMITH III, TRUST, MARY VANCE TUCKER STILLWELL TRUST, LUCY LEA TUCKER TRUST, ROBERT E. TUCKER, JR.,  MATTHEW A. JOHNSTON and KELLY L. JOHNSTON, Cotrustees of the JOHNSTON TRUST, CALHOUN COUNTY WATER RESOURCES COMMISSION, DEPARTMENT OF AGRICULTURE AND RURAL DEVELOPMENT, PETER S. LUCYSHYN, Trustee of the MYMACHOD TRUST, AT&T, L. NICHOLAS & NANCY RUWE CHARITABLE TRUST, JOHN SCHMITZ, Personal Representative of the ESTATE OF N. RUWE, CALHOUN COUNTY BOARD OF COMMISSIONERS, CONSUMERS ENERGY COMPANY, CONSUMERS ENERGY, CONSUMERS POWER COMPANY,

Defendants,

and

DOUBLE EAGLE FARMS II, CO.,

Defendant-Appellant.

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

PER CURIAM.

These consolidated appeals arise from an effort by plaintiff, Michigan Gas Utilities Corporation (Michigan Gas), to condemn easements for a natural-gas pipeline to replace an existing pipeline. Michigan Gas sued defendants, E. Richard Midlam, Jr., and Lisa R. Midlam, as the cotrustees of the Earl R. Midlam and Hazel M. Midlam Trust (the Midlam Trust), because the Midlam Trust owned two parcels of land through which Michigan Gas wished to build the replacement pipeline. Michigan Gas already had easements over the Midlam Trust's properties—in a different location—for the existing pipeline but it apparently intended to abandon those easements in favor of an alternate route. Michigan Gas named several other persons and entities that may have had interests in the two parcels owned by the Midlam Trust, but the only other party that contested the condemnation action was defendant, Double Eagle Farms II, Co. (Double Eagle), which leased farmland from the Midlam Trust.

In Docket Nos. 366202 and 366204, the Midlam Trust appeals by leave granted the trial court's May 1, 2023 orders denying its motions—one in each underlying case—for an additional necessity hearing.[1] In Docket Nos. 366766 and 366767, the Midlam Trust appeals by leave granted the trial court's June 14, 2023 amended orders denying the Midlam Trust's same motions. The Midlam Trust argues in all four dockets that the trial court erred by holding that it was not entitled to an additional necessity hearing under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51a *et seq*., after the trial court allowed Michigan Gas to amend its complaint to include Double Eagle as a defendant.

In Docket Nos. 367103 and 367104, Double Eagle appeals by leave granted the trial court's July 10, 2023 orders denying Double Eagle's motions—one in each underlying case—for a necessity hearing and to dismiss the cases for lack of subject-matter jurisdiction. Double Eagle argues that the trial court should have dismissed the underlying complaints because Michigan Gas did not make a statutorily compliant good-faith offer to purchase the easements, which was a prerequisite to suing for condemnation. It also argues that the trial court erred when it determined that Double Eagle was not entitled to a necessity hearing.

Because Michigan Gas did not make a statutorily compliant good-faith offer to acquire the easements, the trial court lacked subject-matter jurisdiction over the condemnation complaints. And despite Michigan Gas's contrary arguments, we had jurisdiction to grant the parties' various

---

[1] The Uniform Condemnation Procedures Act provides standards for an agency's property acquisition and requires that there be a public necessity for the taking. See *Consumers Energy Co v Storm*, 509 Mich 195, 198; 983 NW2d 397 (2022). The statute "allows the owner of the property to be taken to challenge the necessity of acquisition of all or part of the property for the purposes stated in the complaint by filing a motion asking that the necessity be reviewed." *Id*. (quotation marks and citation omitted).

applications for leave to appeal. We therefore reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Michigan Gas is a utility corporation that distributes natural gas to consumers. It owned and operated the Partello Pipeline, which ran from the Partello Compressor Facility to the Vector Pipeline Station in Calhoun County, Michigan. Michigan Gas installed the original Partello Pipeline under a certificate of necessity issued by the Public Service Commission (PSC) in 1963. Michigan Gas determined that the existing Partello Pipeline needed to be abandoned and replaced with a new 10-inch pipeline along a 15-mile stretch to address safety and reliability concerns.

In 2020, Michigan Gas applied for a certificate of public convenience and necessity with the PSC. The PSC then entered into a settlement agreement with Michigan Gas concerning its application. The settlement agreement provided that the PSC's staff reviewed Michigan Gas's filings with a focus on the "project route, necessity, engineering specifications, and environmental impact." It provided that the replacement pipeline served the "public convenience and necessity" and would be built along the most direct, reasonable, and economical route. It also provided that the replacement pipeline would be constructed within existing rights of way or on private property owned by Michigan Gas or to be acquired by Michigan Gas. And it provided that the existing pipeline would be abandoned or deactivated in accord with law.

The PSC approved the settlement agreement. In its corresponding order, the PSC restated the proposed route and found that it was reasonable. It noted that "84% of the proposed route for the replacement pipeline lies within permanent easement, with 16% located in or along road right-of-way, and, to the greatest extent possible, the proposed replacement pipeline will follow the aging Partello transmission pipeline to be replaced." The PSC found that the "company's selected route is the most practical, cost-effective, and least intrusive method to maintain service reliability."

Michigan Gas submitted what it titled as a unitary good-faith offer to purchase temporary and permanent easements over the two parcels of land owned by the Midlam Trust. Michigan Gas made the offer to the Midlam Trust and to those persons or entities that might have owned mineral and gas rights in, or easements over, the Midlam Trust's properties.

Double Eagle was not included among the offerees. As part of its offer, Michigan Gas submitted to the Midlam Trust a "Landowner Construction Form." It asked the Midlam Trust to provide information about the land that might be relevant to the construction. One of the questions stated: "Are there any renters of the agricultural land within the proposed [Michigan Gas] easement?" Neither the Midlams, nor the Midlam Trust, responded to Michigan Gas's inquiry.

The various interested parties did not accept Michigan Gas's unitary offer, and Michigan Gas sued to condemn the easements over the Midlam Trust's properties. Michigan Gas filed separate complaints for the two parcels at issue—Parcel 27 and Parcel 30. The Midlam Trust moved to review the certificate of necessity in both cases. The trial court held a hearing and determined that the Midlam Trust had not identified a valid basis for challenging necessity. The

trial court entered orders denying the Midlam Trust's motions and granting title to the easements to Michigan Gas.

The Midlam Trust then moved for summary disposition. It argued that Michigan Gas failed to satisfy the requirements for a condemnation action and the trial court lacked subject-matter jurisdiction over the proceedings because it did not make an offer to the Midlam Trust's lessee, Double Eagle, which leased Parcels 27 and 30 for farming. In response, Michigan Gas noted that the Midlam Trust did not disclose that it had a lessee despite the request included as part of Michigan Gas's original offer, and the Midlam Trust did not record the lease with the county. Michigan Gas argued that the trial court had subject-matter jurisdiction over the condemnation proceedings because Michigan Gas was only required to send a good-faith offer to owners of record, which did not include Double Eagle.

After a hearing, the trial court denied the Midlam Trust's summary disposition motion. It reasoned that Michigan Gas was only required to send a good-faith offer to owners of record, and the Midlam Trust did not respond to Michigan Gas's inquiry included as part of its original offer. The trial court permitted Michigan Gas to amend the complaint to add Double Eagle as a party.

Michigan Gas filed an amended complaint and served Double Eagle with a copy that included the unitary good-faith offer to purchase temporary and permanent easements over the two parcels of land owned by the Midlam Trust. The Midlam Trust made multiple requests for an additional necessity hearing, which the trial court denied. Double Eagle also moved to dismiss, contending that Michigan Gas did not make a statutorily compliant good-faith offer to purchase the easements before suing for condemnation. The trial court denied Double Eagle's motions. The Midlam Trust and Double Eagle then applied for leave to appeal the various orders. We granted leave in each docket and ordered the appeals consolidated.[2]

## II. APPELLATE JURISDICTION

We first address Michigan Gas's argument that this Court lacks jurisdiction to consider these appeals because the Midlam Trust failed to timely appeal the first order denying its motion to challenge necessity, which also bound Double Eagle. We disagree with Michigan Gas and conclude that we had jurisdiction to grant the parties' various applications for leave to appeal.

---

[2] See *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366202); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366204); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366766); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366767); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 367103); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 367104).

"The jurisdiction of the Court of Appeals is governed by statute and court rule." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 172 (2009). "This Court reviews de novo the proper interpretation of statutes and court rules as questions of law." *Id*. Therefore, "whether this Court has jurisdiction is a question of law that this Court reviews de novo." *Id*.

This Court has jurisdiction to grant an appeal by leave, in relevant part, from "any other judgment or order appealable to the Court of Appeals by law or rule[.]" MCR 7.203(B)(4). The time limits for an application for leave to appeal are jurisdictional. See MCR 7.205(A). An appellant must ordinarily apply for leave to appeal within 21 days of the entry of the judgment or order to be appealed. See MCR 7.205(A)(1). Yet, this Court has jurisdiction to grant a delayed application for leave to appeal within six months of the entry of the judgment or order. See MCR 7.205(A)(4).

The Legislature divided a condemnation proceeding under the UCPA into two distinct phases: (1) a necessity review and (2) a determination of compensation. See MCL 213.56(1); MCL 213.62; see also *Consumers Energy Co v Storm*, 509 Mich 195, 199; 983 NW2d 397 (2022). It also designated a trial court's "determination of a motion to review necessity" as a final judgment. MCL 213.56(5). Nevertheless, a trial court's order "upholding or determining public necessity or upholding the validity of the condemnation proceeding is appealable to the court of appeals only by leave of that court pursuant to the general court rules." MCL 213.56(6).

MCL 213.56(6) imposes a strict time limit on an application for leave to appeal an order upholding a determination of necessity under the general court rules. See *Detroit v Lucas*, 180 Mich App 47, 50; 446 NW2d 596 (1989). Namely, an application for leave to appeal must be filed within 21 days after entry of the order. See *id*. at 50. This period may not be extended by the court rules applicable to a delayed application for leave to appeal. *Id*. See also *Calloway-Gaines v Crime Victim Servs Comm*, 463 Mich 341, 346; 616 NW2d 674 (2000).

On appeal, Michigan Gas argues that this Court lacked the authority to grant leave to appeal any of the orders at issue because the Midlam Trust did not appeal the trial court's original order determining necessity. Specifically, Michigan Gas argues that the Midlam Trust did not timely apply for leave to appeal the trial court's original order of July 1, 2022, which denied the Midlam Trust's motion for a necessity hearing.

Michigan Gas is partially correct—the Midlam Trust did not timely apply for leave to appeal the trial court's original order determining necessity. The Midlam Trust applied for leave to appeal the trial court's later orders denying a necessity hearing in each case, which were entered on May 1, 2023, and June 14, 2023. Double Eagle applied for leave to appeal the trial court's orders of July 10, 2023, which denied Double Eagle's motion for a necessity hearing and to dismiss. Michigan Gas does not, however, explain how the failure to apply for leave to appeal the first order deprived this Court of jurisdiction to grant leave to appeal the subsequent orders.

In each of the orders at issue, the trial court denied a challenge to necessity. For that reason, each order amounted to a final order, which could be appealed by leave under MCL 213.56(6) without regard to whether any party appealed the first order. The Midlam Trust and Double Eagle timely filed their applications for leave to appeal within 21 days of entry of the respective orders, as required under MCR 7.205(A)(1)(a) and MCL 213.56(6).

Essentially, Michigan Gas would have this Court read a limitation into MCL 213.56(6) that does not exist; namely, that MCL 213.56(6) limits appeals other than those from the *first* order "upholding or determining public necessity." The statute does not include that language, and we decline to read in such limitation. See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). The Legislature stated that "*an* order of the court upholding or determining public necessity" is appealable by leave, if the application is timely. MCL 213.56(6) (emphasis added). The use of the indefinite article reflects that the Legislature did not limit the application to the first order determining necessity; rather, it allowed an appeal of any order upholding or determining necessity without regard to whether it was the first order, an amended order, or any other subsequent order upholding or determining necessity. See *Michigan v McQueen*, 493 Mich 135, 156; 828 NW2d 644 (2013).

The Legislature went on to clarify that, in the absence of a "timely filed appeal of *the* order, an appeal shall not be granted and *the* order is not appealable" as part of a subsequent appeal of the "judgment as to just compensation," but the Legislature's use of the definite article does not create any ambiguity. See MCL 213.56(6) (emphasis added). The use of the definite article in this limiting clause refers to the class of orders that are final orders but which may only be appealed by leave. It establishes that, if a particular application for appeal was untimely, then this Court may not grant that specific application or consider claims of error involving that order in a subsequent appeal of right from the judgment setting compensation. See, e.g., *McQueen*, 493 Mich at 155-156. This language is not equally susceptible to different constructions and does not conflict with any other provision. As such, it is not ambiguous. See *Holliday v Bd of State Canvassers*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 372267); slip op at 8. Because it is not ambiguous, the statute must be enforced as written, see *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 13; 795 NW2d 101 (2009), and it plainly provides that this Court may grant applications from each order upholding or determining necessity without regard to whether there was an earlier order of necessity that could also have been appealed. Because the individual applications for appeal were filed within 21 days of entry of the respective orders at issue, this court had the authority to grant the applications. See MCL 213.56(6); MCR 7.205(A)(1)(a).

## III. SUBJECT-MATTER JURISDICTION

We next address the arguments by the Midlam Trust and Double Eagle that the trial court lacked subject-matter jurisdiction over the condemnation complaints because Michigan Gas failed to submit a written good-faith offer to Double Eagle to acquire the easements. Michigan Gas did not make a statutorily compliant good-faith offer to acquire the easements. See MCL 213.55(1). The trial court therefore lacked subject-matter jurisdiction over the condemnation complaints.

This Court reviews de novo whether a trial court has subject-matter jurisdiction over a claim. *Reynolds v Robert Hasbany, MD, PLLC*, 323 Mich App 426, 431; 917 NW2d 715 (2018). This Court further reviews de novo issues involving the proper interpretation and application of statutes and court rules. *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023). "Similarly, this Court reviews de novo a ruling on a motion for summary disposition." *Indiana Mich Power Co v Community Mills, Inc*, 336 Mich App 50, 53; 969 NW2d 354 (2020).

The Michigan Constitution provides that "[p]rivate property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law." Const 1963, art 10, § 2. The Legislature enacted the UCPA to "ensure that the guarantee of just compensation found in the Michigan Constitution is honored." *Indiana Mich Power Co*, 336 Mich App at 54 (quotation marks omitted). The UCPA requires agencies[3] seeking to condemn land to first make a good-faith written offer to acquire the property. See MCL 213.55(1). More specifically, MCL 213.55(1) provides, in part:

> Before initiating negotiations for the purchase of property, the agency shall establish an amount that it believes to be just compensation for the property and promptly shall submit to the owner a good faith written offer to acquire the property for the full amount so established. . . . If there is more than 1 owner of a parcel, the agency may make a single, unitary good faith written offer. . . . If an agency is unable to agree with the owner for the purchase of the property, after making a good faith written offer to purchase the property, the agency may file a complaint for the acquisition of the property in the circuit court in the county in which the property is located.

We have previously recognized that "the tendering of a good-faith offer is a necessary condition precedent to invoking the jurisdiction of the circuit court in a condemnation action." *Lenawee Co v Wagley*, 301 Mich App 134, 160; 836 NW2d 193 (2013) (quotation marks and citation omitted). The UCPA requires agencies seeking to condemn land "to provide a good-faith offer to acquire the properties to *all persons or entities with an interest in the properties*." *Bd of Co Rd Comm'rs for Co of Washtenaw v Shankle*, 327 Mich App 407, 416; 934 NW2d 279 (2019) (emphasis added). In *Shankle*, we explained that "[i]n order to initially invoke the trial court's jurisdiction, strict compliance with the statutory language of the UCPA require[s] that the fee owners and any other owners of legal property interests be given a good-faith offer." *Id*. at 417. We concluded that the trial court in that case never acquired subject-matter jurisdiction because the plaintiff failed to strictly comply with the UCPA. *Id*. We held:

> Because a good-faith written offer is a necessary condition precedent to invoking the trial court's jurisdiction in condemnation proceedings under the UCPA, the failure to tender a statutorily compliant good-faith written offer to all fee owners and any other owners of interests in the properties rendered the trial court without subject-matter jurisdiction over the action. [*Id*. at 418 (citations omitted).]

In other words, without strict compliance with the good-faith-offer requirements of MCL 213.55(1), the trial court will not have subject matter jurisdiction. See *Shankle*, 327 Mich App at 418.

Here, Michigan Gas did not provide a good-faith written offer to acquire Double Eagle's interest in the easements before filing its condemnation complaint. In fact, Michigan Gas did not

---

[3] The parties do not dispute that Michigan Gas was a private agency as defined by the UCPA. See MCL 213.51(h).

-10-

provide a good-faith written offer to acquire Double Eagle's interest in the easements before filing its amended condemnation complaint. Instead, the record reflects that Michigan Gas sent the unitary good-faith offer to Double Eagle for the first time upon serving its amended condemnation complaint. Michigan Gas failed to strictly comply with the UCPA and therefore failed to satisfy the necessary condition precedent to invoking the trial court's jurisdiction in the condemnation proceedings. See *Shankle*, 327 Mich App at 417. Accordingly, the trial court lacked subject-matter jurisdiction over the condemnation complaints.

On appeal, Michigan Gas argues that it properly invoked the trial court's subject-matter jurisdiction because the Midlam Trust failed to disclose Double Eagle's farming lease, and Double Eagle was otherwise unknown to Michigan Gas when it filed its condemnation complaint. We disagree.

The UCPA authorizes agencies to secure tax returns, financial statements, and other relevant financial information during the period in which the agency establishes just compensation. See MCL 213.55(2). It provides that a property owner shall produce such information within 21 business days after receipt of a written request from an agency. See *id*. If a property owner fails to provide documents or information requested by an agency under MCL 213.55(2), the agency may file a complaint and proposed order to show cause. See *id*. Additionally, if a property owner fails to provide documents or information as required by MCL 213.55(2), "the agency may base its good faith written offer on the information otherwise known to the agency whether or not the agency has sought a court order under subsection (2)." MCL 213.55(1). Had Michigan Gas pursued the processes outlined in MCL 213.55(2), a good-faith written offer to known owners would be permitted under MCL 213.55(1).

But here, Michigan Gas did not secure relevant information regarding Double Eagle's interest in the easements before making its initial offer as permitted by MCL 213.55(2). As part of its initial offer, Michigan Gas submitted to the Midlam Trust a "Landowner Construction Form" requesting that it provide information about the land that might be relevant to the construction, including whether there were any renters of the agricultural land within the proposed easements. The Midlam Trust did not respond to the inquiry, and Michigan Gas did not seek to compel the disclosure of additional information under MCL 213.55(2). Under these circumstances, Michigan Gas was not permitted to base its good-faith written offer on the information otherwise known to it at the time. The Midlam Trust's failure to disclose Double Eagle's farming lease thus did not excuse Michigan Gas's failure to provide a good-faith written offer to acquire Double Eagle's interest in the easements before filing its condemnation complaint. Michigan Gas therefore failed to satisfy the necessary condition precedent to invoking the trial court's jurisdiction in the condemnation proceedings. Because the trial court lacked subject-matter jurisdiction over the condemnation complaints, we need not address the arguments made by the Midlam Trust and Double Eagle regarding the public necessity to acquire the easements.

## IV. CONCLUSION

Because Michigan Gas did not make a statutorily compliant good-faith offer to acquire the easements, the trial court lacked subject-matter jurisdiction over the condemnation complaints. And despite Michigan Gas's contrary arguments, we had jurisdiction to grant the parties' various applications for leave to appeal. We therefore reverse and remand for entry of an order granting

summary disposition in favor of the Midlam Trust and Double Eagle.  Summary disposition is without prejudice to Michigan Gas's refiling the action in compliance with the statutory requirements. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado